WESTERN DIST. October, 1836.

COX ET AL. vs. HUNTER'S HEIRS.

In an action for the rescission of a sale on account of lesion, a witness, who is a mortgage creditor of the plaintiff from the recording of a judicial mortgage which would attach to the land sought to be recovered, is not incompetent to testify on the part of the plaintiff, on the score of interest.

====

| 10   426|
|110   869|

COX ET AL. vs. HUNTER'S HEIRS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Where the succession of the deceased husband is in the hands of the widow and heirs, some of the latter being minors, and it appeared an administrator had been appointed to the succession, but had rendered no account: *Held*, that the District Court was without jurisdiction in a suit

WESTERN DIST.    'against the widow and heirs, for a debt of the husband, except so far as
October, 1836.   her half of the community is concerned, or she may have intermeddled.

COX ET AL.       This is an action instituted by Bartley Cox and others,
*vs.*
HUNTER'S HEIRS.  against the widow and heirs of the late P. H. Hunter, to
render them liable for two debts of the deceased, contracted
in his life time. The plaintiffs allege that Hunter died in
1830, leaving a widow in community, who is bound for one
half of the debts; and also several heirs who inherit the
other half of said community, and are consequently bound
for one half of the debts thereof. They pray judgment
accordingly.

The defendants declined answering to the merits, and
pleaded the following exceptions :

1st. That the District Court has no jurisdiction of the case.

2d. That an administrator has been appointed to the estate
of said Hunter; and that the Court of Probates is the only
jurisdiction that can entertain this suit.

3d. That these claims were never presented to the
administrator for acceptance or rejection; wherefore, they
pray that the suit be dismissed.

The cause was tried on these pleadings and issues.

The statement of facts showed, that Mrs. Hunter formerly
administered on the estate of her husband, but had never
rendered an account. That both the widow and heirs
accepted the succession, with benefit of inventory, and were
in the possession and culture of the plantation ; and that since
the institution of this suit, a new administrator has been
appointed.

Upon this evidence, and under the pleadings, the district
judge was of opinion he had no jurisdiction of the case, and
gave judgment of dismissal. The plaintiffs appealed.

*Elgee*, for the plaintiffs, maintained that there was no
administrator to represent the succession of the deceased; and
it being shown that the widow and heirs were in possession,
(the minors represented by their mother and natural tutrix,)
they are amenable to the general jurisdiction, and suable in
the District Court. *Code of Practice,* 996. 6 *Martin, N. S.,* 519.

*Dunbar, contra.*

WESTERN DIST.
*October*, 1836.

COX ET AL.
*vs.*
HUNTER'S HEIRS.

1. Thought that the case of Roman et al. *vs.* Roman's minors, was decisive of this, and that the judgment of dismissal must be confirmed. 4 *Louisiana Reports*, 202.

2. The widow cannot be made liable, for it is not shown, or even alleged, that the claims of the plaintiffs were contracted during marriage, or that it is a community debt.

3. The widow and heirs should have been sued in the Probate Court. The succession was accepted, with benefit of inventory, and all claims against it should be presented for liquidation in that court.

*Bullard, J.,* delivered the opinion of the court.

This is an action against the widow and heirs of the late P. H. Hunter, to recover a debt due by him at his decease. Some of the heirs appear to be minors, and are represented by their natural tutrix.

The defendants excepted to the jurisdiction of the District Court, averring that an administratrix had been appointed to the estate, and that the plaintiffs' claim had never been regularly presented for acceptance or rejection.

The court declined jurisdiction of the case, and the plaintiffs appealed.

It was shown on the trial below, that there had been an administrator, whose account had not been rendered, and that since the institution of this suit, the Court of Probates had made a second appointment. The heirs being minors, and the estate necessarily accepted, under benefit of inventory, we are of opinion, that the court did not err, in sustaining the exception, so far as they are concerned. The estate does not appear to come under the provisions of article 995, of the Code of Practice.

But with respect to the widow, against whom judgment is claimed for one half of the debt, as concerned in the community, the same principle does not apply. A community of acquests and gains, cannot be accepted, under benefit of inventory, and if the widow has accepted the community, or intermeddled in such a manner, as to render her liable for

*Where the succession of the deceased husband is in the hands of the widow and heirs, some of the latter being minors, and it appeared an administrator had been appointed to the succession, but had rendered no account: Held, that the District Court was without jurisdiction in a suit against the widow and heirs, for a debt of the husband, except so far as her half of the community is concerned, or she may have intermeddled.*

WESTERN DIST. one half the debts she may be sued in the ordinary tribu-
*October*, 1836. nals, and her liability established. As to her, we are of
ROWLEY'S HEIRS opinion, the court erred in dismissing the suit.
*vs.*
CHENEY ET AL. ·

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court, be annulled, avoided and
reversed; that the plea to the jurisdiction of the District
Court, so far only as relates to the heirs, be sustained, and
the suit be dismissed with costs; but that so far as it concerns
the widow in her own right, that the plea be overruled, and
the case remanded to the District Court, for further proceed-
ings according to law, and that the costs of the appeal be
paid by the widow.