## PIERRE DEBUYS v. FELIX CONNOLLY.

A witness is incompetent on the score of interest only where he has a direct interest in the event of the suit, and is called to testify in support of that interest ; or where the verdict and judgment, to obtain which his testimony is used, would be admissible evidence in his favor in another suit.

One who had been offered as security on a twelve months' bond for the price of property sold under execution, and rejected by the sheriff as insufficient, will be a competent witness to prove his own solvency, on an opposition by the first purchaser to the homologation, under the monition law of 10th March, 1834, of a second sale, made at the risk of the first purchaser, on the ground of the insufficiency of the security. He has no interest either in the event of the suit, or in the question. The bias which may result from being called on to testify to his own solvency, is not enough to exclude him. The interest which renders a witness incompetent, must be a pecuniary one ; that which results from his feelings or his wishes, goes to his credibility only. Nor is it sufficient to exclude a witness offered under such circumstances, that he was the endorsee of the note upon which the original suit was instituted ; his testimony cannot in any way effect his liability as such.

APPEAL from the District Court of the First District, Buchanan, J.

SIMON, J. Certain lots of ground belonging to the defendant, Connolly, having been seized to satisfy the mortgage claim of the plaintiff, were offered for sale by the sheriff of the parish of Jefferson, on the 23d of March, 1840, and were adjudicated to the defendant for the price of $2500, payable in a bond at one year from the day of sale. The conditions of the sale not having been complied with by the purchaser, who had offered John Mitchell as his security on the bond, the sheriff, who had refused to receive the security, was ordered by the plaintiff's attorney to re-advertise the property for sale at the cost and risk of Connolly ; and on the 3d of June following, the same was finally adjudicated to L. F. Generis for $4050, payable at one year's credit, for which the purchaser gave his two bonds, one in favor of the creditor for the

balance due him, and the other in favor of the sheriff, to be applied to the payment of privileges and mortgages existing on the property, in their order.

On the 30th of June, 1840, a monition was applied for by Generis, to which Connolly made opposition on several grounds. The opposition was overruled by the inferior court, which rendered judgment in favor of the applicant, from which judgment the defendant has appealed.

Of the different grounds upon which the opposition of the defendant is founded, we have deemed it unnecessary to notice but one. His counsel contends that the second adjudication made by the sheriff to Generis, is illegal and void, because good and sufficient security having been offered by Connolly immediately after the first adjudication, the sheriff had no right to sell the property anew, but ought to have taken the defendant's bond, and have executed a deed of sale to him according to law.

Before expressing our opinion on the question raised by this ground of opposition, we must dispose of a bill of exceptions taken to the opinion of the District Judge, overruling the objections of the applicant to the testimony of John Mitchell, who was the person offered to the sheriff as the defendant's security on the bond, and who was introduced as a witness in this suit, to prove his own solvency. His testimony, which was admitted by the lower court, is sought to be excluded on the score of interest. We think the judge *a quo* decided correctly in receiving it. It is a well known rule of evidence in relation to the competency of witnesses on the ground of interest, that such persons only are excluded as are directly interested in the event of the suit, and are called on to support that interest; or where the verdict and judgment, to obtain which their testimony is offered, would be admissible evidence in their favor in another suit. 3 Mart. N. S. 11. Ibid. 270. 6 Mart. N. S. 284. 10 La. 425. 12 La. 290. In this case, we are unable to discover what degree of interest the witness would have either in the event of the suit, or even in the question. It is true he is called on to show his own solvency, and his feelings might perhaps be affected; but the bias which this sort of interest may create, is not sufficient to exclude him. This court has often said, in relation to such questions, that " the interest which repels a

witness must be a substantial one, i. e. a pecuniary one, affecting in some manner his property ; it does not suffice that it affects his feelings, his affections, or his wishes." 3 Mart. N. S. 270. This latter might perhaps go to his credibility, but it is clear that it does not in any manner render him incompetent.

On the merits of this ground of opposition, the evidence shows that the person who was offered as security on the defendant's twelve months' bond, considered himself good for five or six thousand dollars, and that the amount of the purchase being two thousand five hundred dollars, out of which six or seven hundred dollars only were to be paid to the seizing creditor, he would have enough to pay this obligation from the sale of his property, after paying all his antecedent liabilities. This is not, however, the only proof of the security's solvency. The settlement made by Mitchell with his minor children in the Court of Probates, and which was received in evidence without any specified objection on the part of the opponent's adversary, shows that Mitchell's share amounted to $36,000, and nothing was adduced to establish that his share had been in any way diminished, or that the settlement was incorrectly made. Taking the evidence as it is found in the record, and to contradict which no sort of testimony has been produced, we feel bound to believe that the security offered was sufficiently solvent, and that the sheriff ought not to have rejected him. Indeed, the fact of his sufficient solvency is corroborated by the testimony of the sheriff himself, who says that he saw Mitchell's name on the tax list, and that he paid him his taxes. The sheriff was, therefore, aware that the security had taxable property.

With regard to the other objection made to Mitchell's testimony, on the ground that he was the endorser of the note upon which the original suit was brought and the property sold, it suffices to say that his testimony was not introduced to impair or destroy in any way his liability ; that he was not a party to the suit in which the bond was to be taken ; and that, whether the drawer of the note gave a twelve months' bond or not, could not in any manner deprive the creditor of his recourse against the endorser. This objection was properly overruled. 3 Mart. N. S. 270.

Considering, therefore, that the security offered by the defendant at the first adjudication, was sufficient ; and that, under art.

689 of the Code of Practice, the sheriff is only authorized to expose the property seized to a second sale, when the purchaser does not offer the proper sureties where the sale has been made on credit, we are constrained to come to the conclusion that the opposition is well founded ; that the sale made by the sheriff to L. F. Gerferis was illegally made ; and that it ought to be annulled and set aside.

It is, therefore, ordered that the judgment appealed from be avoided and reversed ; that the defendant's opposition be maintained ; and that the sale made by the sheriff of the parish of Jefferson to L. F. Generis be annulled and set aside ; the applicant paying the costs in both courts.

*Canon*, for the homologation of the second sale. No counsel appeared for the appellant.