SAMUEL SKOLFIELD, for the use of Valentine Dalton, *v.* THEODORE B. RHODES and others.

Where property purchased by an heir at a probate sale of the succession of his mother, is resold at the risk of the purchaser on his failure to comply with the terms of the sale, and the notes given for the price by a purchaser at the second sale, are included in the active mass of the community, and the first purchaser subsequently receives his portion of the estate, he thereby ratifies the second sale, and renounces all right under the first adjudication. If the first purchaser was not put in default before the second sale, the only effect of the omission would be to defeat any claim against him for the deficiency, if the property brought less at at the second sale.

A note endorsed in blank, like one payable to bearer, may be sued on by any one in possession of it.

In an action by an heir on notes given for the price of real property purchased at the sale of the succession of his ancestor, where security only is asked by the defendants on an allegation of danger of eviction, the vendors of the deceased are competent witnesses to explain facts connected with the title papers, and to prove that they had received the amount of a mortgage appearing to exist in their favor. *Per Curiam:* In a controversy for the land, they could not be heard to support a title derived from themselves, which they would be bound to warrant; but, in a case like this, they can neither gain nor lose by the result of the suit. Their liability as warrantors, in the event of any dispute in relation to the land, is not lessened nor changed by their testimony, nor would the judgment be admissible in their favor. The objection goes rather to their credibility, than to their competency.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

*Avery,* for the plaintiff.

*Elam,* for the appellant.

MORPHY, J. This action is brought by the petitioner as the agent of Valentine Dalton, to recover the amount of three notes held by his principal, drawn by T. B. Rhodes, and endorsed by Sarah Rhodes and Elihu Hooper. It is alleged that these notes were given for a tract of land bought by the maker at the probate sale of the succession of Lavinia Dalton, and that at their maturity, they were duly protested, and the endorsers notified of such protest. The defence set up is, that T. B. Rhodes acquired no title to the land by the adjudication; that the sale was made on account and at the risk of John Dalton one of the heirs of Lavinia Dalton, who had purchased the land at its first exposure for sale; that John Dalton became

Skolfield, for the use &c. v. Rhodes and others.

the owner of the property by this adjudication, and could not be compelled to comply with its terms, until a liquidation was had and his share in his mother's estate determined, and that he was not legally divested of his title, not having been put in default ; that the second sale, though it took place, at the plantation, as advertised, was also advertised to be made at the "Court House in the town of Baton Rouge," on the same day and hour ; that the property was encumbered with mortgages standing in the names of Elias and Abijah Russ, previous vendors ; and finally that the petitioner has no right to recover, as these notes were given for land belonging to the succession of Lavinia Dalton, and it is not alleged that Valentine Dalton is the administrator of the estate, or has become the owner of these notes by a partition among the heirs. By a supplemental answer, it is averred that a large portion of the land sold to Rhodes, and bordering on the line of Skipwith, stands surveyed in the name of one Francis Wise in the office of the Surveyor General, and that the succession had no title thereto ; and it is prayed that the plaintiff be required to give security against any eviction of the premises, &c. There was a judgment below in favor of the plaintiff for the amount of the notes, but providing that no execution should issue, until he should furnish good and sufficient security in the sum of $1000, to protect the purchaser against any injury or loss from a mortgage of $200 in favor of the Union Bank of Louisiana, and a legal mortgage for $340 in favor of the heirs of Alexander Fridge, existing on the property.*

The previous adjudication of the property to John Dalton, and the resale of it on his account and risk, as well as the inaccuracy of the advertisement in which it was inadvertently announced that the second sale was to take place on the premises and at the same time at the court house, are facts, which, if they present any danger of eviction, were well known to the purchaser before the adjudication, and could not justify him in resisting the payment of the price. But, under the evidence in this case, his fear of eviction is entirely groundless. It is shown

* T. B. Rhodes alone appealed.

that some time after the sale, an informal or provisional partition was made between Valentine Dalton, senior, and his children ; that the notes sued on were included in the active mass of the community ; and that John Dalton received his portion of the estate of his mother. By so doing, he virtually ratified the sale, and renounced all rights, if any he had, under the first adjudication. The only effect of his not having been put in default might be to defeat any claim that might be made against him for a deficiency, if the property brought less at the last sale. Civil Code, art. 2488.   6 La. 153.   7 La. 506.   3 Rob. 400.

From the *procès-verbal* of the adjudication of the property, the purchaser appears to have furnished his three notes of $1,286 66⅔ each, endorsed by Sarah Rhodes. The possession of these notes by the plaintiff, under the blank endorsement of Elihu Hooper, is sufficient evidence of title to authorize him to collect them. A note endorsed in blank is not to be distinguished from one payable to bearer, which may be put in suit by any one in possession of it. Far from there being any suspicion that the plaintiff came by these notes unfairly, the testimony renders it probable, if not certain, that he obtained them by the informal partition which judge Tessier informs us, took place between V. Dalton and the heirs of his wife.

The appellant has failed to satisfy us that there is any danger of eviction, on the score of any adverse title to any portion of the land adjudicated to him; nor do we think the judge below erred in allowing Elias and Abijah Russ the vendors of the property to Valentine Dalton, senior, to explain certain facts connected with the title papers, and to prove that they had received the amount of the mortgage which yet appeared to exist in their favor. In a controversy for the land, they could not be heard to support a title derived from themselves, and which they would be bound to warrant; but in a case like the present, where security only is asked on an allegation that there is danger of eviction, they do not appear to us to stand in that relation of interest which should exclude their testimony. They can neither gain nor lose by the result of this suit. Their liability as warrantors in the event of any dispute in relation to the land, is not lessened nor changed by the testimony, they

have given in the cause ; nor would the judgment in this case be admissible in evidence in their favor. The objection then goes rather to their credibility, than to their competency. 10 La. 425. 12 La. 290. 2 Rob. 339.

*Judgment affirmed.*

