THOMPSON, J.
I concur in the decree of affirmance to be entered in this appeal, and in the reasons and conclusions of my brethren, whose opinions have been delivered. If there be no fatal defect in the form of the proceedings, (as X think they have shewn,) the proceeding *by bill or petition (if not mere motion) being equally proper; and if the bill were even the only proper form of proceeding, technically speaking, the petition and supplemental petition in this case having, without objection in the court below, been considered and treated as an informal, but substantial bill and supplemental bill; if the wife was entitled to a settlement against the assignee for value, even though there had been no divorce and no dissolution of the marriage by the death of the husband, (about which there can be no question or doubt;) if the settlement of the whole fund made by the court was a reasonable one, (which, upon principle and authority, under the circumstances of the case, is equally clear of doubt;) if the son was entitled to it, either in the character of administrator or son, or in both characters, (and that he was so entitled in the one or the other, if not in both rights, I entertain no doubt, as the mother’s right had been fixed in her lifetime by the interlocutory order of account directed to ascertain the quantum of the settlemenl, if, indeed, the commencement of the mother’s suit would not have had the same effect;) there surely can be nothing substantial in the objection, that the mother claimed the whole by her petition or original bill, upon the ground of the divorce, and upon that ground only, since she was at the time entitled to the same measure of relief on other grounds, afterwards asserted and relied on by her son and administrator in the supplemental bill or petition.
And considering the case, viewed in this aspect, as a clear one in favor of the appel-lee, I deem it wholly unnecessary (if not for that reason improper) to express any opinion upon the validity or effect of the divorce, and upon the much more debatable and doubtful question, discussed with so much zeal and ability by the counsel of the appellee, whether or not the wife be entitled by survivorship to the whole of a chose in action, legal or equitable, and more especially an equitable chose, as in this case, against a special or particular assignee for value?
*The state of decision in Virginia, and in England, (especially, according to the more modern decisions there,) renders it a very doubtful question with us, to say the least of it, and very proper for the most mature consideration and final adjudication of the Supreme Court of Appeals, when the question shall again come up for decision before that court. Yerby and wife v. Lynch, 3 Grat. 460; Hayes v. Ewell’s adm’or, 4 Grat. 11; Browning v. Headley, 2 Rob. 340-1, and the cases therein referred to; Dold’s trustee v. Geiger’s adm’or, 2 Grat. 98; and the modern English cases, Johnson v. Johnson, 1 Jac. & W. 456; Elwin v. Williams, 12 Law Journal, N. S. 440, and 9 Sim. 137; Ashby v. Ashby, 14 Law Journal (Ch.) new series, 66, and 1 Daniell’s Chancery Pleading and Practice, 159, first American edition. In a case in which it does not necessarily rise, I do not feel called upon to express my opinion upon a question so interesting and important, and so embarrassed by the conflicting opinions and decisions of the most enlightened and learned judges and courts, (though invoked to do so by the counsel of the appellee,) because such an opinion would be obiter, and if it were not, it more appropriately belongs to another forum — ■ the Supreme Court of Appeals — to settle the question authoritatively, whenever it shall arise in a case before it, and not to this tribunal in one in which it does not necessarily arise! My answer, then, to that invocation of the counsel is, Non nostrum tantas componere lites. It is not our province, on the present occasion, to undertake the difficult task of reconciling, or of deciding upon, the conflicting opinions that have been elicited during this judicial controversy.
EIELD, J.
Whether the chose in action in this case survived, or not, to the wife of Jonathan Carlisle upon his death, notwithstanding the assignment from Carlisle to Sherrard for the benefit of McDonald, is a question upon which we need not express an opinion in this case. If it did survive to her, the effect would be to have the ^decree from which the appeal has been taken corrected, by giving a decree for the money in favor of John S. Carlisle, as administrator of his mother, and then to affirm the decree, as amended, with costs to the appellee, as the party substantially prevailing in this court. This would, in effect, give the money to John S. Carlisle, the sole distributee of his mother. This same result will be accomplished by an affirmance of the decree. Although I concur in the opinions delivered by my brothers, Tyler, Gilmer, and Thompson, yet I wish to be understood as affirming the decree on this ground. The chose in action was one which did not pass b3r delivery, as a bill of exchange or specific chattel would, and the assignment conferred a right which could be enforced only by a suit in equity, in which the name of the wife would necessarily have to be sued. In all such cases, her right to have a settlement or provision made for her attaches; and the relief praj'ed for will be granted to the husband, or his assignee, only after making a reasonable provision for the wife, unless a settlement has already been made. On this principle, Mrs. Carlisle’s right to a settlement can be sustained, and to this right her son became entitled on her death, a reference having been made before that time to a commis *460 sioner as to the amount of the settlement.
The decree of the Circuit Court is to be affirmed with costs, and $30 damages.
CLOPTON, J., concurred, verbally, in the decree.