<span>CANAL BANK<br>ET ALS.<br>*vs.*<br>COPELAND.</span>

## CANAL BANK ET ALS. *vs.* COPELAND.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The vendor necessarily warrants against his own acts, and even without a stipulation of warranty is liable for a restitution of the price, unless the purchaser was aware at the time of sale of the danger of eviction, and purchased at his peril.

EASTERN DIS.
*May,* 1834,

CANAL BANK
ET ALS.
*vs.*
COPELAND.

A sale at auction is complete by the adjudication, but the law requires an act of sale or witten evidence of the contract, and the purchaser has a right to require such a conveyance as will truly show what he bought and the conditions of sale.

Where a lot of land is sold in reference to a plan on which it is designated. the plan is regarded as forming part of the description of the land sold.

So where land is designated on a plan, which of itself refers to titles in the surveyor's office, that will enable the purchaser to run the lines, it is a sufficient description to render the sale binding on him.

A sale at auction is not null because the written instructions of the vendors to the auctioneer are not produced on the trial.

On the first of May, 1833, the Canal Bank, L. Millaudon, Samuel Kohn and John Slidell, caused to be sold at public auction a lot or portion of land, being part of *McCarty's plantation,* adjoining Carrollton, situated at the upper end of the parish of Orleans, and containing seven hundred and seventy-seven acres, which, as alleged in the petition, was adjudicated to Robert Copeland, as the last and highest bidder, for the sum of *twenty-six thousand dollars,* payable by instalments; the purchaser to have the lines run at his own expense. That at the time of sale, notice was given that the vendors did not warrant either the contents, the quantity or the title to said land, but that they simply conveyed to the purchaser the right, title and interest, which they had to it.

The plaintiffs allege that they have ever been ready to make such title, and that they notified the defendant thereof, who refused to accept and to comply with the terms of the sale. They pray judgment for the first instalment, which is due, and that the defendant be decreed to execute his several promissory notes for the remainder of the price according to the terms of sale.

The defendant's counsel excepted to the petition, on the ground that suit is brought in the name of the bank as one

of the plaintiffs, without naming the president and directors; and that the different *interests* of the plaintiffs in the property are not specified.

EASTERN DIS.
May, 1834.

CANAL BANK
ET ALS.
*vs.*
COPELAND.

The defendant then filed his answer to the merits, reserving the benefit of his exceptions, denied generally, and admitted that he bid for the land as stated, but declares that the agent of the plaintiffs, at the time of the sale, proclaimed the title to be as good as any in the state, which induced purchasers to believe that the title would be warranted. That the plaintiffs refused to give him a good and valid title, and to designate the courses, distances and boundaries of the land. He admits that an act of sale was offered on the part of the plaintiffs, without warranty, and which did not designate the boundaries of said land. He avers his willingness to comply with the terms of the sale, but that the plaintiffs have failed and refused on their part.

The defendant, in a supplemental answer, propounded interrogatories to the plaintiffs, requiring them to disclose their separate interests in the suit, who of them were present at the sale, what declarations were made touching the validity of the title, and by whom. That the Canal Bank state whether Mr. Livermore, who was a director and counsel, was not present at the sale, and if he did not declare, that as counsel, he had examined the title, and that it would be warranted good; and if he was not authorised to make such delaration by the bank.

The president of the bank answered all the interrogatories, disclosed the amounts of the different interests of the plaintiffs in the suit, denied that any agent of theirs at the sale was authorised to guarrantee the title, and admitted that Livermoore was a director, counsel of the bank, and one of a committee on the part of the bank to attend said sale; that his instructions were, that the property be sold without guarranty of title, and without warranty of any specific quantity.

*Millaudon, Kohn* and *Slidell,* answered separately, disclosing their separate interests in the property sold, and affirm-

CANAL BANK
ET ALS.
*vs.*
COPELAND.

ing the statement of the president of the bank, that the property was sold without warranty of title or quantity.

*Isaac L. McCoy,* the auctioneer who sold the property in contest, was called and sworn for the plaintiffs. He stated that at the time of sale, the sellers did not guarantee the title or the quantity of the land sold; that the purchasers were to cause the lines of their respective purchases to be run at their own expense, and that the particulars and condition of the sale were announced several times by the witness in a loud voice at the sale; that there were many bidders, and more for the land in question than the other lots then sold. The proces verbal of sale by the auctioneer states that, " the sellers do not guarrantee the title nor the quantity of land. Purchasers are to cause the lines of their respective purchases to be run at their own expence, &c." The act of sale tendered to the defendant was also in evidence. It contains a clause to this effect: "said appearers declared that they do by these presents grant, bargain, sell and set over unto the said Robert Copeland, present, and accepting and acknowledging possession, and to his assigns, &c., all the right, title and interest of the New-Orleans Canal and Banking Company, the said Samuel Kohn, the said Laurent Millaudon, and the said John Slidell, in and to the lot or piece of ground situated in this parish, and designated on said plan by the lot No. 5, containing about seven hundred and seventy-seven acres, together with all the appurtenances belonging to said parcel of ground; *it being expressly understood that said vendors do not guarrantee the title to the lot or parcel of ground herein conveyed, nor the quantity of land.*"

The plaintiffs read in evidence a letter, addressed by the defendant to the president and directors of the New-Orleans Canal and Banking Company, on the subject of this purchase. It contains the following paragraphs: "But I predicate my claim to a warranty of a certain extent from my vendors, upon the statement made at the time of the sale by Mr. Livermore, a director of the bank, and apparently a prominent party in conducting the sale, that the vendors

EASTERN DIS.
*May*, 1834.

CANAL BANK
ET ALS.
*vs.*
COPELAND.

gave no warranty of title, further than was implied by law; that is to say, the obligation to return the purchase money, in case of eviction of the purchaser. This was pronounced aloud by Mr. Livermore, in addressing the people assembled on the occasion. With this statement I was satisfied, and bid accordingly. Let the deed express a warranty to that extent, I ask none beyond it. As a matter of right, the deed should likewise describe the land by its proper metes and bounds, as is done in each and every other deed which has been given for the town lots in Carrollton, &c. It is true, reference is made to a certain plan of the land made by Mr. Zimpel, but it has neither courses nor distances of lines marked on it, and is consequently of no manner of use in defining the limits or the extent of the land. I do not ask to have the lines run, I only insist that a point of beginning with the courses and distances of the lines be given to me.

" To recapitulate, I do not consent to receive the deed prepared, because it does not contain the clause of warranty, which I understood, at the time of the sale, would be given by the vendors; and because it does not so describe the land as would enable me to identify it. When such a deed is presented as is free from these objections, I am ready and willing to comply with the terms of sale."

To the process verbal of the sale was annexed the plan of the lot of ground in contest.

On the trial, several bills of exception were taken to the opinion of the court, one of which was permitting the answer of the president of the Canal Bank to interrogatories to be read, without showing that he was president, and that he had authority from the bank to answer. Another exception was taken to the charge of the judge to the jury, " that a sale at auction is not null if written instructions from the vendors to the auctioneer were not produced or proved at the trial of a suit predicated on such sale. It is sufficient if the terms be clearly proved."

There was a verdict for the plaintiffs, without damages.

After a rule was taken for a new trial and discharged, the court rendered judgment, requiring the defendant to comply

EASTERN DIS.
  *May*, 1834.
═══════════
CANAL BANK
  ET ALS.
    *vs.*
COPELAND.

with the terms of the sale, and decreeing him to pay the first instalment of the price thereof.

From this judgment the defendant appealed.

*Slidell* and *Conrad,* for the plaintiffs and appellees.

*Schmidt,* for the defendant and appellant, contended as follows:

1. The appellees, claiming the *specific performance* of the contract sued on, must show, that on their part they have done all that they undertook, and the law required of them to perform. *La. Code, art.* 1908.

2. The appellant was not bound to pay the price of adjudication, until the appellees had executed a proper act of sale. *La. Code, art.* 2588. Nor can such price be exacted, except upon *delivery* of the thing sold. *La. Code, art.* 2529.

3. Though it be true, that the delivery of an immovable, is considered according to *art.* 2455, as accompanying " *the public act which transfers the property,*" it by no means follows that the act offered by the appellees, is such a one as the law requires. The contrary is manifest from the following considerations: 1st, Land, according to the laws of Louisiana, may be sold either *by the quantity,* that is, by designating the area, or: 2d, *In the gross,* by designating the metes and bounds, without specifying the area. *Vide La. Code, art.* 2468, 2469, 2470, 2471, 2475. Whichever mode is resorted to, the act of sale must contain such a description of the land sold, as will enable the purchaser to distinguish it from other land, and to ascertain its precise location. *Vide Blake* vs. *Doherty et als.,* 5 *Wheaton,* 359. *La. Code, art.* 820, 822, 821, ¡833, 839, 840, 841, 844, 850. 4th, It is obvious that every act of sale of land is incomplete, unless the metes and bounds of the same be therein designated. *Vide Gregorio Lopez's Partidas Glosadas, (Madrid ed. of* 1829), *vol.* 2, *p.* 267. 3 *Partidas, tit.* 18, *de las Escrituras, law* 56. *Do. law* 2, *p.* 231. *Kent's Commentaries, vol.* 4, *p.* 451, 455. *Le Parfait Notaire, vol.*          *Tapia*

*Febrero, novisimo, vol.* 2, *p.* 169, 176.   And inasmuch as the
act of sale, offered by the appellees, is deficient in these
requisites, the appellant was not bound to accept the same.

EASTERN DIS.
*May,* 1834.

CANAL BANK
ET ALS.
*vs.*
COPELAND.

4. The instruction given by the judge to the jury, is
contrary to law.   *See the anthorities above cited.*

5. The judge erred in admitting the answer of Beverly
Chew, as the answer of the corporation.   *Vide Angell and
Ames, on Corporations, p.* 123, 396, 405.   For all which
reasons the judgment of the inferior court should be reversed.

BULLARD, J., delivered the opinion of the court.

The plaintiffs represent that they caused to be exposed for
sale at public auction a portion of land situated partly in the
parish of Jefferson and partly in that of Orleans, being a part
of what is known as McCarty's plantation, adjoining, but not
included in the plan of a town lately laid out called Carroll-
ton, which they had previously caused to be laid out and
divided into five lots of irregular forms and unequal dimen-
sions and a plan to be made by a surveyor.   That at the
public sale one of the lots designated as number five, con-
taining about seven hundred and seventy-seven acres was
adjudicated to the defendant for the price of twenty-six thou-
sand five hundred dollars.   That the conditions of the sale
were, besides those respecting the terms of credit, that the
purchasers should have the lines run at their own expense,
and that they sold without warranty as to title or quantity.
They allege that they have always been ready on their part
to comply with the conditions of the sale, and have notified
the defendant of their readiness to execute a notarial act of
sale, but that the defendant refuses to comply with the con-
ditions on his part.   They pray judgment against him for so
much of the price as is now due, and that he may be con-
demned to execute the notes and mortgages required by the
contract.

The defendant admits the sale and the conditions so far as
they relate to the price and the terms of credit, but he alleges
that at the time of the sale the plaintiffs caused it to be pro-

EASTERN DIS.
May, 1834.

CANAL BANK
ET ALS.
vs.
COPELAND.

claimed by their authorised agent, that the title was as good as any in the state, and induced purchasers to believe that they would warrant the same, which they now refuse to do. He further avers that they have never offered to give him a good and valid title to the property, and that they have constantly refused to designate the courses and distances of the boundaries of the tract of land and to indicate to him the boundaries as they are bound to do, and which was indispensable to enable him to take possession and to verify the situation of the land. That the deed offered by the plaintiffs is not such as he is bound to accept, because it contains no stipulation of warranty and does not designate the boundaries of the tract of land.

The objection as to the stipulation of warranty has not been insisted on in argument before this court. The declaration attributed by the defendant to Mr. Livermore at the public sale amounted in fact to nothing more, than is implied in all sales. The vendor necessarily warrants against his own acts and even with a stipulation of no warranty is liable for a restitution of the price unless the purchaser was aware at the time of the sale of the danger of eviction and purchased at his peril. *La. Code*, 2480 and 2481.

*The vendor necessarily warrants against his own acts, and even without a stipulation of warranty is liable for a restitution of the price, unless the purchaser was aware at the time of the danger of eviction and purchased at his peril.*

The act of sale tendered to the defendant does not require of him any admission or acknowledgement which would exempt the plaintiffs from this modified warranty.

*A sale at auction is complete by the adjudication, but the law requires an act of sale or written evidence of the contract, and the purchaser has a right to require such a conveyance as will truly show what he bought and the conditions of sale.*

The sale was complete by the adjudication and the land became the property of the defendant; but the law requires an act of sale or written evidence of the contract, and the purchaser has a right to require such a conveyance as will truly show what he bought, and the conditions of the sale. The only question therefore on the merits is whether the deed which the plaintiffs offer to execute is in conformity with the terms of the sale at auction.

The proces verbal of the auctioneer describes the several lots of land sold by him for the plaintiffs as composing formerly the plantation of B. McCarty. The lot purchased by the defendant as number five, (V.) as per plan made by C. F. Zimpel, dated April 27th, 1833, and deposited in the office of

EASTERN DIS.
*May* 1834.

CANAL BANK
ET ALS.
*vs.*
COPELAND.

G. R. Stringer, notary public. Among other conditions, concerning which there is no dispute, the proces verbal states that " the purchasers are to cause the lines of their respective purchases to be run at their own expense." This plan was exhibited at the sale, and has been shown to us. It represents lot No. 5 as an irregular figure, containing seven hundred and seventy-seven acres of land. The plan embraces an out line of the whole city of New-Orleans and the upper suburbs, including the town of Carrollton, back of which the lot is represented to be situated. There is no scale on the plan, nor indication of any courses and distances; but it contains a reference to plans of survey in the office of the surveyor general. The certificate on the face of it is as follows: "plan of that part of McCarty's plantation not included in Carrollton divided in five lots, compiled from plans made by Mr. Bringier, surveyor general."

It is contended by the defendant, that although he engaged to have the lines run out at his own expense, yet the vendors are bound in their deed to furnish him such data as will enable him to do it. That the act of sale tendered does not furnish him such a description or designation of courses and distances or any point of departure, as will enable him either to identify the land or in case of a controversy with third persons to show that it is the land purchased of the plaintiffs. The grounds of defence are clearly expressed in the defendants letter to the directors of the bank. "I only insist that a point of beginning with the courses and distances of the lines be given to me, as then and not till then have I any lines which I can cause to be run."

The plan made by Zimpel which was exhibited at the sale and referred to in the proces verbal of the auctioneer, must be regarded as forming a part of the description of the land sold, and the original title of McCarty as a part of the muniments of the defendant's title.

*Where a lot of land is sold in reference to a plan in which it is designated, the plan is regarded as forming part of the description of the land sold.*

It is true that the plan of Zimpel would not enable a surveyor without aid *aliunde* to ascertain whether the irregular figure No. 5, really embraces an area of seven hundred and seventy-seven acres, but by taking the measure of any square

EASTERN DIS.
May, 1834.

CANAL BANK
ET ALS.
vs.
COPELAND.

in New-Orleans a scale or standard might be formed by which it might be ascertained upon geometrical principles, if the plan be accurately projected. But without recurring to the titles of McCarty, and the plans in the surveyor general's office, it would be impossible to ascertain whether the lot really formed a part of McCarty's plantation. The surveyor who made the plan says that he could with this plan run the lines and lay off the land adjudicated to the defendant. That he made the plan from one of Mr. Bringier without an actual admeasurement. Mr. Pilié the city surveyor says, that the limits of the McCarty plantation are well known, but that he could not with this plan alone and the deed tendered by the plaintiffs, run the lines of lot No. 5, and that it often becomes necessary in making surveys to have recourse to other titles in establishing boundaries.

The argument of the defendant then amounts to this, that although he engaged to run the lines at his own expense, yet this necessarily implies a previous condition on the part of the plaintiffs, that they should furnish him such a deed as will in itself, without reference to any thing extraneous, enable him to run them.

It is sufficient in our opinion if the act of sale describe the land as it was described when the purchase was made, and that it does not impose on the purchaser an impossible condition. Having purchased with reference to a plan which refers again to the McCarty title and the surveys in the office of the surveyor general, the whole must be taken together, and they furnish a designation of the lot which will enable him to run the lines by recurring to the sources of information indicated in the deed and the plan. We are not acquainted with any principle of law which requires an act of sale to be so precise and definite as to courses and distances, and to furnish in itself such data, as alone would enable a surveyor to run the lines. It may be in this case difficult, but certainly not impossible, if the surveyor will recur to the guides indicated by the deed and the plan.

The defendant took a bill of exceptions to the charge of the court to the jury. Among other things he instructed the

So where land is designated on a plan which of itself refers to titles in the surveyor's office that will enable the purchaser to run the lines, it is a sufficient description to render the sale binding on him.

jury that a sale at auction is not null because the written instructions of the vendors to the auctioneer are not proved on the trial of a case predicated on such sale. We concur in this opinion of the District Court, and it may be added, that there was in this case no question of the nullity of the sale.

The defendant propounded certain interrogatories to be answered on oath by the plaintiffs. The answer of the corporation was sworn to by the president. The defendant took a bill of exceptions to their admission by the court, on the ground that it was not shown that the person who made answer was president, and that he was not authorised to appear and answer. It is perhaps questionable whether the president of a corporation has a right to answer interrogatories in such cases without special authority, but as the answers according to our view of the case are immaterial, we forbear to express any opinion on the question.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Eastern Dis.*
*May, 1834.*

