<span style="float:right">AYLES<br>*v.*<br>HAWLEY.</span>

---

## SAME CASE ON A REHEARING.

Parol evidence of an auctioneer is not admissible, when objected to, to establish a title derived through a syndic's sale made in the course of judicial proceedings. There must be some written evidence to support such a title.

OGDEN, J. (SLIDELL, C. J., and VOORHIES, J., absent.) The court granted a rehearing in this case, and having considered the points made by the appellees counsel on the re-argument of the cause, are of opinion that the judgment first rendered should remain undisturbed for the following reasons:

1st. It is true as contended by the appellees counsel, that the *cessio bonorum* vested the title of the insolvent in his creditors for the purposes of the *cession*, as to all property and assets which previously belonged to him, whether specified or not in his schedule; but the plaintiff in injunction, has not shown any legal sale by the syndic of this particular asset, which it appears still belongs to the creditors.

The parol evidence of an auctioneer or cryer, is not admissible, where objection is made to establish a title derived by a syndic's sale made in the course of judicial proceedings. There must be some written evidence to support such a title, and the plaintiff neither alleged nor proved the existence and loss or destruction of such written title and the parol testimony of *Phillips* having been objected to, was improperly received.

It is therefore ordered, that the judgment already rendered remain undisturbed as the judgment of the court.