<span style="float:right">HILL<br>*v.*<br>LEVISON.</span>

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

<span style="float:right">10  575<br>d122  614</span>

## S. Buie et al. *v.* R. Doyal, administrator.

The principal may maintain an action for slaves on a title made to the agent for the principal, without proving the authority of the agent to buy. The suit is a ratification of the purchase, and stands in the place of an original mandate in due form. C. C. 2979.

The registry laws are intended for the protection of *bona fide* subsequent purchasers and creditors of the vendor, and a defendant who occupies neither of those positions towards the vendor, can not, in an action on the title, object to its not having been registered. C. C. 3465.

APPEAL from the District Court of Franklin, *Barry,* J. *McGuire & Ray,* for plaintiff. *Mayo & Hendry,* for defendant and appellant.

BUCHANAN, J. Petitory action for slaves. Defence: that the title of the slaves is in the succession of which the defendant is the representative; and also prescription.

Buie
v.
Doyal.

The plaintiffs are the widow and children of one *John Doyal*, and produce as evidence of their title the following document:

"Received of *Isaac Doyal* for *John Doyal*, the sum of eleven hundred dollars in full for the purchase of two negroes, both slaves for life, *Albert*, a man aged about 28 years, and *Amelia*, his wife, a woman aged about 19 or 20 years. The right and title to said negroes I warrant and defend forever, and furthermore, I warrant the said negroes to be sound both in body and mind to the best of my knowledge and belief, as witness, my hand and seal this 14th day of April 1834.

$1100.               (Signed)      SETH WOODROOF.
      (Signed)        C. S. KNIGHT,
                  JOHN HOLDEN."

The defendant objects to the introduction of this document in evidence on two grounds: 1st, because written proof should have been first offered, of the authority of *Isaac Doyal*, to make a purchase of slaves for *John Doyal*; and 2d, because the receipt does not appear to have been placed of record.

As to the first objection, it may be remarked, that the plaintiffs, who are the legal representatives of *John Doyal*, are claiming the benefit of a contract made by *Isaac*, in the name of their ancestor; and are hereby ratifying and adopting his act. Such a ratification stands in the place and stead of an original mandate in due form. C. C. 2979.

*Woodroof*, the signer of the receipt in question, has been examined for plaintiff, and proves that the slaves were sold by him in Natchez, at the time the receipt bears date, to *Isaac Doyal*, professing to act for *John Doyal*; and that the receipt, or bill of sale, was drawn in this form by the request of *Isaac*.

There being no allegation nor proof of fraud or error, it does not lie in the mouth of defendant, claiming title through *Isaac*, who is dead, to question the authority of the latter to buy these slaves for his brother.

Secondly. The want of registry is no objection to the introduction of this paper between the present parties. The registry laws are intended for the protection of *bona fide* subsequent purchasers and creditors of the vendor. The present defendant occupies neither of those positions towards *Woodroof* in this issue.

The defendant has offered proof of declarations of *John Doyal*, recognizing title in his brother *Isaac*, to three slaves. This was objected to, as tending to establish a title to slaves by parol, contrary to the express provisions of law. We think the Judge erred in receiving this evidence under the circumstances. As we have already observed, there is none of those matters in the pleadings, such as fraud or error, which form a basis for parol evidence, in order to arrive at the true nature of a transaction, in cases where such evidence is otherwise inadmissible.

There remains the question of prescription. As the defendant is without title to the slaves claimed, the only prescription applicable, is that of fifteen years. C. C. 3465. It is proved that *Letitia Doyal* possessed the slaves, and paid taxes on them, from the year 1835 to May 1845, when *John Doyal* died—say ten years. Several of the children and heirs of *John Doyal* were minors at the time of his death, and have not yet attained the age of majority. Of course, prescription ceased running in favor of *Letitia Doyal*, from the moment of her son, *John Doyal's* death. The plea must therefore be overruled; and the judgment of the District Court is affirmed, with costs.

Application for re-hearing refused.