JOSEPH LALLANDE, Executor, *v.* WENTZ & POCHELU.

Servitudes are either visible and apparent or non-apparent.

Apparent servitudes are such as are to be perceivable by exterior works, such as a door, a window, an aqueduct.

Non-apparent servitudes are such as have no exterior sign of their existence, such, for instance, as the prohibition of building on an estate, or of building above a particular height.

If the inheritance sold be encumbered with servitudes not apparent, without any declaration having been made thereof, if the servitudes be of such importance that there is cause to presume that the buyer would not have contracted, if he had been aware of the encumbrance, he may claim the cancelling of the contract, should he not prefer to have an indemnification.

Joint purchasers cannot be condemned in solido for the payment of the price of real estate.

A PPEAL from the District Court of the Parish of Jefferson, *Cazabat*, J. *C. Dufour*, for plaintiff. *J. Magne*, for defendants and appellants.

ILSLEY, J. At the public sale of the property belonging to the succession of Thomas Penniston, certain lots of ground, situate in Jefferson City, which were described as follows in the advertisement: "Sixteen lots of ground, lying in the Square No. 2, between Water, General Taylor, Levee and Penniston streets, the said forming the entire square, and being designated by the numbers one to sixteen, inclusively, all in accordance with the plan to be exhibited on the day of sale, were adjudicated, each lot separately, for a distinct total price, to the defendants in this suit, who refuse to comply with the terms of the adjudication, and to pay the price thereof, for which they are now sued as debtors in solido; because, as they aver, there is a great deficiency in the measurement; that, on Water street particularly, there is a levee covering about forty per centum of each lot, and that such deficiency renders the lots useless for the purpose the defendants had in view, when they purchased.

There was judgment in the Court below against the defendants in solido, from which they have appealed.

On the trial of the case in the Court below, the defendants took two bills of exception: one to the evidence of witnesses received by the Court to prove that the auctioneer had called the attention of the by-standers to a mark on the plan purporting to show the levee crossing the front of the lots on Water street, on the ground stated in the bill; and the other to the refusal of the Judge to receive the evidence of a witness of the defendants to show whether, on the inspection of the plan (exhibited on the day of sale), he, the witness, could have discovered or believed that a levee was running on the lots on Water street, which evidence was objected to by the plaintiff, for the reason stated in the bill.

It is needless to examine the first bill, as the evidence objected to not being material to a decision of the case will not be noticed.

As to the evidence of the defendants' witness, rejected by the Court, whatever consideration it is entitled to will be accorded to it, as if it had

been received by the Court below, as this Court having the plans, which accompanies the record, before it, can determine for itself whether the levee complained of is or not clearly represented as lying behind the front line of the lots.

There is no deficiency in the measurement of the lots, which contain the area found within the prescribed boundaries, viz: the four streets before mentioned.

The objection or cause of complaint is, that the lots adjudicated to the defendants are affected with a service imposed by law, to wit: a public levee which traverses the whole front thereof; but this is an apparent servitude. Article 724, C. C.; and against such servitudes a vendor does not warrant.

Article 2491, C. C., relieves purchasers only "if the inheritance sold be incumbered with servitudes *not apparent*, without any declaration made thereof," etc.

Marcadé, commenting on the corresponding Article of the Napoleon Code (1638), says: "L'article ne parle, au surplus, que de servitudes non apparentes; car, si les servitudes étaient visibles, l'acheteur ne pourrait s'en prendre qu'à lui d'avoir acheté sans examiner l'immeuble. See also Pothier, Contrat de Vente, Partie 2, chap. 1, section 3, ¿ 200.

This last named writer also says: "L'acheteur est présumé en avoir eu connaissance, et avoir bien voulu acheter la chose avec ce vice, et par conséquent n'avoir souffert aucun tort, nam volenti non fit injuria; et quand même il ne l'aurait pas connu, il ne serait pas encore recevable à se plaindre du tort qu'il souffre de ce contrat; car, c'est par sa faute qu'il le souffre, il ne tenait qu'à lui d'examiner la chose avant que de l'acheter, ou de faire examiner par quelqu'un, s'il ne s'y connaissait pas lui-même; or, un tort qu'une personne souffre par sa faute n'est pas un tort auquel les lois doivent subvenir, les lois n'étant pas faites pour entretenir la négligence.

This Court has said that it cannot recognize the folly of buying without seeing the premises, because they are sold at auction or afford indemnity for the loss which results from such imprudence. *Porée* v. *Bonneval*, 6 An. 388.

The levee, as it is represented on the plan which was exhibited at the public sale in accordance with the advertisement (which binds the vendor and the vendees, *Layton* v. *Hennen*, 3 An. 1), and which plan is regarded as a part of the description of the land (*Canal* v. *Copeland*, 6 La. 551), is plainly designated thereon.

The word "levee," on the space between the two lines representing it, is written on the plan; and the course of this space, which is shaded differently from the remaining portions of the lots, is distinctly marked along the whole front thereof. *Durel* v. *Boisblanc*, 1 An. 407.

Besides this, Water street formed the front boundary of the lots sold,

and it was obvious, on simple inspection, that the levee was on the lots, behind the inner side of Water street.

On the score of the levee, which was an *apparent* servitude (not necessarily a permanent one), the defendants have no cause of complaint.

By the decree of the lower Court, the defendants, who are joint purchasers, are condemned in solido to pay the whole price of the lots separately adjudicated to them. The present case is analagous to that of *Oxnard* v. *Locke et al.*, 13 La. p. 447, wherein it was decided that joint purchasers cannot be condemned in solido for the payment of the price of real estate. See Articles 2075, 2088, C. C. Toullier Ed. Duvergier, p. 439, No. 710; *Weld* v. *Peters*, 1 An. 432; *Thomas* v. *Scott*, 3 Rob. 256.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to condemn the defendants to pay the plaintiff the sum of five thousand six hundred dollars, with interest, at the rate of five per cent. per annum, from the 17th October, 1864, jointly, instead of in solido, and otherwise affirmed.

It is further ordered, that the defendants pay the costs of the District Court, those of the appeal to be paid by the appellee.