BREATJN, C. J.
This is an action by plaintiff to compel defendant to accept title to a certain square of ground in the Seventh district of New Orleans, within the area bounded by Strolitz, Palmetto, Live Oak, and Livingston streets.
Plaintiff represents that at the auction sale the property was adjudicated to the defendant by J. L. Onorato, auctioneer, as appears by his procSs verbal, annexed to the petition.
His complaint is that notwithstanding repeated demands upon the defendant he has refused to carry out his agreement to purchase the property. That in June, 1906, a tender of a title was made through Benjamin Ory, notary public.
Am exception of no cause of action was filed. Having been overruled, the defendant answered by a general denial.
The first ground of the defendant is that the procSs verbal, before referred to and declared upon, was not complete; it was not signed by the auctioneer, but by one of his clerks.
After the objection had been raised during the trial, the court postponed the trial to another day, in order to enable the plaintiff to furnish the proper signature to the pro-ces verbal of adjudication.
On the second trial it appeared that the auctioneer had signed and completed the proces verbal. It was admitted in evidence.
Ordinarily such a question should present very little difficulty to solve. It would in this case, were it not that it presents an appearance of completing a title after objection had been raised. But of this later.
The defendant next objected on the ground that no tender had been made of the title.
Really, tender vel non plays no part in the case. Moreover, the defendant denied the existence of the contract. Tender is not necessary if the contract itself is denied. Beck v. Fleitas, 37 La. Ann. 495.
Besides, the defendant had unequivocally refused to accept title. Abels v. Glover, 15 La. Ann. 247.
Were it not that the auctioneer was not authorized to sell the property, the order to cure the asserted defect in the procSs verbal for want of signature would have been legal; also the order refusing to sustain the plea of want of tender; and the title would be good.
But the plaintiff had not authorized the auctioneer in writing, and had not furnished him with the written conditions for the .sale. The only proof that could support the sale was written evidence. Civ. Code art. 2606.
The seller must proclaim the conditions of the sale in a loud and audible voice.
*613 The failure to furnish the auctioneer with the writing required is fatal to the adjudication.
Plaintiff sought to prove the authorization 'by oral testimony. There was no written evidence at all. It will be borne in mind that the procés verbal of adjudication was completed after objection had been urged, and when it was completed it was not the written testimony required. It did not supply the missing authorization before mentioned. The attempted ratification is exclusively by oral testimony. That, as to real property, falls directly within the prohibition of the article of the Code in ■regard to the title to real estate commanding that it shall be in writing. Civ. Code, art. ■2(106.
If the title passed at all, it passed on January 4, 1906, the date of the adjudication, .and did not pass on the 19th day of June, 1906, the day on which the seller sought to ■approve the act of the auctioneer by the declaration that the auctioneer was authorized -to sell the property.
On the first day before mentioned there was not the written evidence required. On the second date the verbal testimony could not supply the missing deed. The seller .cannot claim better vantage ground than the buyer, as he would have if he did not comply with the requirement of the law, for he could not be compelled to complete the -sale, as it would be in his power to urge that no title can be made complete by verbal testimony.
Here the seller claims the right to compel the buyer, although he was not himself bound at the time. If the seller was not bound, it must be held that the buyer was ■equally as free.
This was a commutative contract intended ,to be equally binding on both, one as seller and the other as buyer.
The case of Pew v. Livaudais, 8 La. 459, is not decisive of the question. In that ease, the instructions were given in writing. The .auctioneer had mislaid them; after the loss, the instructions were changed, and the sale made according to the oral alterations. The point decided was that parol testimony of oral alteration could not be received, and it was decided that defendant could not be compelled to take title. In that case, the possibility of an admission made some time after the sale was not, as in the pending case, an issue.
There is nothing impressive or pertinent in Canal Bank v. Copeland, 6 La. 552, particularly when we recall that the court held that there was no question of nullity in the sale in that case. The case was decided on another issue.
We also examined the ease of Buie v. Doyal, 10 La. Ann. 575, relating to the want of authorization of a private agent in a sale other than at public auction. It was decided that the suit in that case was a ratification arid stood in place of the original mandate. This was a private matter.
Here the sale is a public one through an officer. The auctioneer is directed to require writing, which we consider is imperative, otherwise the bidder, who has the right to expect a good and valid title, would be placed to considerable disadvantage. The sale was made through a public agency. The bidder cannot be subjected, to await for a suit or for ratification in effect by verbal testimony. If it were otherwise, the seller, through an auctioneer, might offer any property without regard to form or right, and take chances as to whether he would ratify or not.
By reason of the law in favor of defendant and against the plaintiff, the judgment in this case is avoided, annulled, and reversed.
For reasons stated, it is ordered, adjudged, *615 and decreed that plaintiff’s demand is rejected at his costs in both courts.
See dissenting opinion of LAND, J., 48 South. 125.