LAND, J.
In August, 1894, the plaintiff purchased from Mrs. Alix Prevost a tract of land containing 108.62 arpents, forming the western portion of the Alix plantation. A right of way 30 feet in width through the entire depth of the tract so conveyed was reserved by the vendor for the benefit of said plantation. This right of way led to a public road that had been used for many years for plantation purposes.
*941 After the death of Mrs. Prevost, the defendants having become the owners by inheritance of the Alix plantation, and having acquired another tract of land also lying north of plaintiffs property, instituted suit in July, 1905, against the plaintiff herein, to recover the strip of land covered by said right of way, and also damages. The plaintiff herein denied the claim of the defendants to the ownership of said strip of land, and, reconvening, enjoined the defendants from draining their lands by artificial means over the property of the plaintiff.
That litigation resulted in a judgment in favor of the plaintiff herein as to the ownership of the strip of land and one of nonsuit on his reconventional demand. See Prevost v. Rodriguez, 120 La. 1050, 46 South. 19.
The present suit was instituted for the purpose of restraining the defendants from exercising the right of drainage over the lands of the plaintiff by means of a ditch cut through a ridge or elevation which traverses the northern portion of plaintiff’s plantation. Plaintiff alleged that about seven years before the filing of this suit defendants, without permission or authority, cut a ditch through said ridge or elevation, so as to connect with the ditch which plaintiff had cut for the benefit of his, own property, thereby causing a diversion of the natural drainage to such an extent as to overflow plaintiff’s plantation, to his great damage and injury.
Defendants admit that they opened or deepened a drainage ditch through the ridge or elevation on plaintiff’s tract of land, but defend on the following grounds:
(1) Natural drainage.
(2) Ditch was used for drainage of their ■lands when plaintiff purchased the tract below.
(3) Prescription acquirendi causa of 10 and 30 years.
(4) Agreement that defendants should have thé right to drain the Alix plantation through said ditch.
There was judgment in favor of the defendants, sustaining the alleged servitude of drain, and for $400 for damages to crops caused by the closing of the drainage ditch by the plaintiff.
The locus in quo was surveyed by an engineer appointed by the court, and it is evident from the levels ascertained by him, that the depression north of the plaintiff’s land naturally drained toward the east and southeast, and not over the plaintiff’s property. The land in that immediate section is flat and nearly level, and most difficult to drain in any direction. The crown of the elevation running across the northern part of plaintiff’s tract is 12 inches above the lowest level of said depression. The difference in the depth of the drainage ditch between the same points is 3 inches. The report of the expert shows that the owners of the Alix and other plantations, in their efforts to drain their lands, have, as a general rule, not followed the depressions, but have cut through the elevations, and drained towards the parish canal, constructed years ago by the police jury with the aid of contributions from the landowners of the vicinage. Ditch No. 1, in dispute, cuts through the elevation on plaintiff’s tract and drains into the parish canal. This ditch follows the roadway reserved for the use of the Alix plantation. As already stated, the plaintiff purchased a part of the same plantation in 1894, from Mrs. Prevost, his mother-in-law.
Plaintiff said, on cross-examination, that in 1898 he permitted the Prevosts to open and use said ditch, and for seven years made no objection, but that prior to 1898, the ditch had been confined to the south side of said elevation. On the other hand, the three Prevosts and the witness Brown testified positively that the drainage ditch, on the edge of the roadway, had, throughout its whole *943 length, existed for many years, and had been used for drainage purposes. This testimony on this point is corroborated by that of other witnesses. This ditch was deepened by the Prevosts in the year 189S as already stated, and the plaintiff made no objections until the year 1905. Several witnesses for the plaintiff testified that the ditch, prior to plaintiff’s purchase, extended to the north line of the tract now owned by him. The extension of the ditch through and beyond the elevation could have had no other purpose than the drainage of the lands to the north.
It is shown by the testimony of two surveyors that the general slope of the prairie is towards the south in the direction of the parish drainage canal. One of these surveyors, who had taken the levels for the purpose of ascertaining how the waters could be prevented from overflowing the public road immediately south of the plaintiff’s premises, testified that the only practicable system of drainage was in a southerly direction into the parish canal. We gather from his statements that the land is low, wet, and nearly level, and is drained by canals and a multitude of ditches and cross-ditches. Under such circumstances slight depressions running across the natural slope towards the 'south are not factors of importance in the matter of drainage. A practical planter, in draining his fields, would in all probability so locate his ditches as to follow the natural fall of the body of his land, rather than the slight depressions tending in other directions. The owners of the Alix plantation must have had, for years, a drainage ditch running south through the tract subsequently sold to the plaintiff. The slight elevation of one foot presented no difficulty in the way of the extension of the ditch into the depression for the purpose of draining the land to the west and northwest.
A ditch along the roadway through the plantation might well serve the double purpose of draining the road and the contiguous lands. Therefore the testimony for the defense that the ditch in question was used for drainage purposes at and before the purchase of the plaintiff is probable in itself, and seems to have been given credit by the trial judge. From our examination of the record, we are not prepared to say that the judgment below is contrary to the evidence.
If the drainage ditch existed on the locus in quo at the time of the sale to the plaintiff, he took the property subject to the apparent servitude of drain. See Lallande v. Wentz & Pochelu, 18 La. Ann. 289, and the authorities there cited.
The objection that at the date of such sale the Alix plantation did not include all of the lands abutting the northern boundary of the tract sold to the plaintiff is without force, because the contiguous portion of said plantation was subject to the servitude of drain in favor of the lands to the west and northwest.
Judgment affirmed.