HOTARD, ET AL., v. PERILLOUX

(December 12, 1927. Opinion and Decree.)

(Syllabus by the Court)

1. Louisiana Digest—Damages—Par. 1, 8.
Damages from the violation of rights will be presumed and allowed without the necessity of proving them.

Appeal from the Twenty-fourth Judicial District Court, Parish of St. John the Baptist. Hon. L. Robert Rivarde, Judge.

Action by Noe Hotard et al. against Andre T. Perilloux.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

L. W. Cockfield, of New Orleans, attorney for plaintiff, appellant.

C. A. Buchler, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a damage suit for alleged violation by defendant of a right of drainage in favor of plaintiffs.

The six plaintiffs allege that in March, 1909, Arthur and Andre Floremond Borne sold to three of the petitioners a tract of land situated in the Parish of St. John the Baptist, being the batture portion belonging to said vendors extending from the river to the public road; the vendors reserved the right to install at the river pumps for the purpose of irrigation through the existing canal from the river to their remaining rear portion of prop-

erty; the right of drainage of the batture sold through the above canal was also reserved in favor of the purchasers; that by subsequent sales a portion of said batture was acquired by plaintiffs and all the property in the rear, from the public road to a depth of 80 arpents, was acquired by defendant, A. T. Perilloux, by titles expressly specifying all the above servitudes; that by said acquisition it became the contractual duty of said defendant to keep in good order the above mentioned irrigation canal all the way to the swamp, all of which the said defendant has failed to do; that in the suit of Noe Hotard and others, No. 733 of the District Court of St. John the Baptist, the servitude of drainage was recognized in favor of plaintiffs, and the defendant was condemned to maintain the irrigation canal above mentioned; which judgment was affirmed by the Court of Appeal on May 28th, 1923; that in violation of said acts of purchase and of said judgment, and of plaintiffs' rights of natural servitudes established by law, defendant has refused to permit plaintiffs to clean said canal, in consequence whereof plaintiffs' property has been covered with water, flooded, and made unfit to inhabit or cultivate after heavy rains; and they have suffered damage to the extent of $2395.25 for loss of crops and chickens, and personal discomfort resulting from dampness and injury to their fences and houses.

The defendant excepted that the petition disclosed "no just or legal cause or right of action", and pleaded the prescription of one year.

The court maintained the exception of no cause or right of action and dismissed plaintiffs' suit. Plaintiffs have appealed.

The allegations of the petition, which must be taken as true, and the law, are both against the correctness of the judgment. Under the contract the right of drainage in favor of the batture sold over the lands in the rear was specially reserved. Under the law, C. C. 660 (656), "It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude".

Art. 772 (768): "He to whom a servitude is due has a right to make all the works necessary to use and preserve the same." Orleans Nav. Co. vs. Mayor of New Orleans, 2 M. 214.

The allegations of the petition are that the defendant refused to allow the plaintiffs to clean the canal so as to permit the drainage to continue. Default was therefore unnecessary. Camors vs. Madden, 36 La. Ann. 425.

But all the questions involved in this suit are alleged to have been decided in the suit No. 733 in which some of the plaintiffs here were plaintiffs there. The rights of those plaintiffs were adjudicated upon in the manner set forth by the plaintiffs.

The plaintiffs charge that the defendant violated his obligation under his contract and under the law, and refused to execute a judgment against him. It would be difficult to conceive how a stronger cause of action could be set forth, or by what reasoning the plaintiffs could be denied an opportunity to establish their allegations. The plaintiffs charge that these violations have caused them damages. Damages from the violation of rights will be presumed and allowed without the necessity of proving them. Cooley on Torts 69; 1 Sedgwick 51; 13 Or. Appeal 353, 303; Bourdette vs. Sieward, 52 La. Ann. 1133, 27 So. 724; Powers vs. Florance,

7 La. Ann. 524; Davis vs. Arkansas Southern, 117 La. 320, 41 So. 587; 13 Cyc. 12-14-17-20, 191.

It is therefore ordered that the judgment appealed from be reversed and set aside, and that the exception of no cause or right of action be overruled, and that this case be remanded to the District Court for further proceedings according to law.