HOTARD, ET AL., v. PERRILLOUX

———

(March 26, 1928.  Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Mandate—Par. 48, 57.**
Authority to make a compromise or a transaction must be express and special.

2. **Louisiana Digest—Servitude—Par. 1, 22, 24.**
The right of the owner of property subject to a servitude of drain to substitute another location for the exercise of the servitude must be determined by the court in case of opposition from the owner of the dominant property.

Appeal from 24th Judcial District Court, Parish of St. John the Baptist.  Hon. J. Robert Rivarde, Judge.

Action by Noel Hotard et al. against André F. Perrilloux.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Wiess, Yarrut and Stich, and L. W. Cockfield, of New Orleans, attorneys for plaintiff, appellant.

C. A. Buchler, of New Orleans, attorney for defendant, appellee.

OPINION

CLAIBORNE, J.  On May 28, 1923, in the suit of Vicknair et al. vs. the

same defendant, No. 8887, this Court recognized the right of plaintiffs by virtue of contracts and of the law, to drain their lands upon the property of defendants, and affirmed a judgment of the District Court of September 22, 1922, in damages against the defendant for obstructing that right. In that suit the defendant admitted plaintiff's right of drainage.

That right was again recognized by this Court in an opinion reported in 7 La. App. 281.

Notwithstanding said judgments and said admissions, defendant again resisted plaintiff's right of drainage, forcing another suit which is the one before us now, in which plaintiffs reiterated the allegations of the first suit and the decisions above mentioned.

The defendant, did not deny plaintiffs' rights under the contracts and decisions cited above, but alleged two grounds of defense:

1st, That plaintiffs' attorney had made an agreement with defendant to substitute another location for the exercise of the right of drainage; and

2nd, That according to Article 777 of the Civil Code they have the right to change the location of the drainage right and that they have tendered to plaintiffs the location agreed upon by plaintiffs' attorney.

I. S. R. Hotard, son of Noel Hotard, testified that he represented all the plaintiffs in this suit; that as soon as he heard of the proposition of their former attorney to compromise the matter by substituting another drainage canal, he went to the defendant and told him that they were not going to be bound by any agreement Mr. Wilkinson made, with his son and they were not going to be held responsible for Mr. Wilkinson's actions, and that they never acquiesced in or consented to, the substitution of the ditch of the servient canal, and that it was never offered; and that neither he, nor his father, nor any of the petitioners had authorized Wilkinson to enter into an agreement regarding the change of ditches. That testimony is not denied by either Lawrence or Andre T. Perilloux, the defendant.

C. C. 2997 (2966): "Thus the power must be express and special to compromise * * * to make a transaction." C. C. 3071 (3038): "This contract (contract or compromise) must be reduced to writing."

A mandate relative to real property must be in writing. Reinack vs. Jung, 122 La. 610, 48 So. 124; 6 La. Dig. 691; Moore Planting Co. vs. Morgan's La. & T. R. R. & S. S. Co., 126 La. 844, 53 So. 22.

II. Article 777 reads as follows:

"The owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient. Thus he cannot change the condition of the premises nor transfer the exercise of the servitude to a place different from that on which it was assigned in the first instance.

"Yet, if this primitive assignment has become more burdensome to the owner of the estate which owes the servitude, or if he is thereby prevented from making advantageous repairs on his estate, he may offer to the owner of the other estate a place equally convenient for the exercise of his right, and the owner of the estate to which the servitude is due cannot refuse it."

But this right cannot be exercised arbitrarily. In case of refusal of the creditor there must be a judgment of court to determine the right of the debtor estate. 12 Demol., S. 843; 1 Pardeosus, S. 62, 220, 223, 56, 62, 70.

There was judgment in the District Court in favor of the defendant. This was clearly an error.

It is therefore ordered that the judgment appealed from rendered October 13, 1926, be reversed and set aside, and it is now ordered that there be judgment in favor of the plaintiffs, Noel Hotard, Charles D'Arensbourg, Ernest Vicknair, John Wilson, Morris Perrilloux, and John Hall, and against the defendant, Andre T. Perilloux, restraining and enjoining him from interfering with or in any way preventing the plaintiffs above named or their agents from digging and clearing out the drainage ditch mentioned and described in the petition herein, and condemning him to pay all the costs of this suit.