(118 So. 224)

No. 28640.

## SILVERSTEIN v. KOPPEL.

July 2, 1928.

Rehearing Denied Oct. 2, 1928.

Edmond J. Jacquet and Benjamin Y. Wolf, both of New Orleans, for appellant.

Felix J. Dreyfous, of New Orleans, for appellee.

LAND, J. The judgment in this case was affirmed through an error in our original opinion as to appellant, who was not the plaintiff, as therein stated, but the defendant. A rehearing was granted by the court ex mero motu for the purpose of correcting this error, and also our decree.

The plaintiff seeks to compel defendant to comply with the adjudications made to him of three pieces of property at voluntary auction sale, and, in default thereof, prays for judgment against defendant in the full sum of the bids made by him for these properties, less the part of the purchase price paid.

On June 17, 1926, S. L. Jacobs, a duly licensed auctioneer, offered for sale at public auction at the New Orleans Auction Exchange the properties known as 1006 Lyons street, 4847 Camp street, and 3435 Chippewa street. These properties were adjudicated to defendant, the last and highest bidder. After making a deposit of $765, or 10 per cent. of the purchase price, defendant refused to take the properties, and plaintiff brought the present suit.

Defendant has declined to comply with the adjudications on the ground, among others, that the title of plaintiff is not good and valid, for the reason that the auctioneer did not have written authority from the owner to make the sale, as required by article 2606 of the Civil Code.

Defendant has also prayed in his answer for judgment in reconvention against plaintiff in the sum of $765, the part of the purchase price paid, with legal interest from June 17, 1926, until paid.

Judgment was rendered in favor of plaintiff as prayed for, and defendant has appealed.

The article of the Civil Code cited provides that—

"This officer [the auctioneer] after having received *in writing*, from the seller, the conditions of the sale, must proclaim them, in a loud and audible voice, and afterwards propose that a bid shall be made for the property thus offered." (Italics ours.)

■ Plaintiff failed to prove on the trial of the case written authority to the auctioneer to sell. It is well settled that the auctioneer must have written authority and that it cannot be proved by parol. C. C. art. 2606; Pew v. Livaudais, 3 La. 459; Ayles v. Hawley, 9 La. Ann. 363 on rehearing; Cronan v. Succession of McDonogh, 12 La. Ann. 269.

In Reinach v. Jung, 122 La. 610, 48 So. 124, the court held that, without written authority to the auctioneer, neither the owner of the property offered for sale nor the adjudicatee can be bound, as the adjudication is null and void for absolute want of written evidence, and that there can be no ratification by parol.

It is declared in the Jung Case that the act of adjudication must be complete and cannot be made good some time afterward by an offer to supply that which should have been given in the first place. R. C. C. art. 2606.

In the case of Harang v. Gheens Realty Co., 155 La. 87, 98 So. 766, it is said:

"However, for the adjudication to vest title in the adjudicatee, it is necessary that the auctioneer have written authority to offer the property at auction. If no such authority is given him, the title does not pass by the adjudication. C. C. art. 2606; Cronan v. Succession of McDonogh, 12 La. Ann. 269; Reinach v. Jung 122 La. 612, 48 South. 124. In the case at bar, it does not appear that the auctioneer was authorized by Livaudais or by any one else, having the required power to offer the property at auction. The only reference to authority *is the recital in the procès verbal* that the sale was made by order of Livaudais and for his account, but it does not appear that the order was a *written one.* Hence, as it does not appear that the auctioneer had written authority to offer the property when he made the sale, title did not pass to the adjudicatee by the adjudication." (Italics ours.)

If the owner is not bound, in the absence of written authority from him to the auctioneer to sell, neither is the adjudicatee bound, and either is at liberty to repudiate the sale. For

this reason, the owner cannot be permitted, after the sale, to bind the adjudicatee against his will by offering him a written title, as was held in the Jung Case, cited above.

■ Our conclusion is that the mere recital, in the procès verbal of the auctioneer in this case, that the sale was made "by instructions of Mr. Sam Silverstein," the owner, does not supply the essential requirement of the law that the authority of the auctioneer shall be in writing. Nor does the offer of the plaintiff, before the institution of the present suit, of a written title to defendant make the adjudication complete and valid. Reinach v. Jung, 122 La. 610, 48 So. 124; Harang v. Gheens Realty Co., 155 La. 68, 88, 98 So. 760.

■ In our opinion, the contention of able counsel for plaintiff that defendant should have urged by exception in limine want of written authority to the auctioneer to sell is not well founded. The absence of such authority renders the adjudications null. Such defect strikes directly at the validity of the auction sale, and, on the question of good title vel non, goes to the actual merits of the case.

Such defense, therefore, is not dilatory in character, but is clearly peremptory, and may be specially pleaded in the answer, or may be raised under the general issue, as in the case at bar, by denying the allegations of plaintiff's petition to the effect that instructions were given to the auctioneer to sell and, inferentially, that requisite instructions were given.

■ The onus is on plaintiff, under the pleadings, to produce the proof of written authority in the hands of the auctioneer at the time of the sale, under penalty of the nullity of the adjudications, and plaintiff has failed to make such proof.

It is therefore ordered that our original decree be vacated, and that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in reconvention in favor of the defendant, Har-wood Koppel, and against the plaintiff, Sam Silverstein, in the sum of $765, with 5 per cent. per annum interest thereon from June 17, 1926, until paid.

It is further ordered that plaintiff's demand and suit be rejected and dismissed at his cost in both courts, and that plaintiff's right to apply for a rehearing herein be reserved.