WILLIAM LEDYARD HODGE *v.* MICHAEL MOORE.

Art. 2535 of the Civil Code, which provides that where a purchaser, who was not informed before the sale of the danger of eviction, is, or has just reason to fear that he will be disquieted in his possession, by any claim, he may suspend the payment of the price until he be restored to quiet possession, unless the seller prefer to give security, does not contemplate the case in which a purchaser's fear of being disquieted arises from a naked point of law. Every one is bound, at his peril, to know the law.

To put the purchaser in default, the vendor must tender for his signature, an act drawn up in strict conformity to law, and such as the former is bound to sign.

Where, in an action against the purchaser of property sold at auction who had failed to comply with the terms of the sale, for the difference between the price bid by him and that at which it was adjudicated on the second exposure, and for the expenses subsequent to the first sale, it appears that the act of sale prepared by a notary and tendered to defendant, was unaccompanied with the certificate required by law, showing what privileges or mortgages existed on the property, the defendant will not be considered to have been put *in mora*. C. C. 2589, 3328.

The putting a debtor in default, is a condition precedent to the recovery of damages for the violation of a contract. The want of it need not be pleaded, but may be taken advantage of at any time. C. C. 1906.

APPEAL, by the plaintiff, from a judgment of the Commercial Court of New Orleans, *Watts*, J.

MORPHY, J. This suit is brought to recover the difference between the price at which two lots of ground were adjudicated to the defendant, and that which they brought on a re-sale at public auction, on his refusal to comply with and carry into effect the first adjudication.

It appears that the defendant, having purchased, in February, 1837, the two lots in question, submitted the plaintiff's title to his counsel for examination. The latter found it good; but, in the meantime, a question was raised in the District Court of this district, whether a merchant, under protest, can lawfully sell his immoveable property. This question was made in the case of *Thompson* v. *Gordon*, and decided in the negative by the District Judge; but his decision was afterwards overruled by this court. 12 La. 263. After this judgment had been rendered, and before its reversal, the defendant, who knew that Hodge was a merchant, under protest at the time of the sale, was advised by his counsel to decline, and accordingly declined, to comply with the terms of the purchase, assigning this decision as the ground of his refusal, and urging upon the plaintiff the propriety of awaiting a final adjudication on the point in the appellate court. The plaintiff refused to wait, and proceeded to the re-sale of the property, under article 2589 of the Civil Code, when it was adjudicated to Andrew Hodge, junr., for $2250, a sum much less than that brought by the first sale. This difference, together with the costs and expenses incurred, is now claimed as damages. The judge below was of opinion that the decision of the District Court was a sufficient ground to justify a party, under similar circumstances, in refusing to take a bill of sale and pay the price, unless security were tendered to him.

*L. Peirce*, for the appellant.

*Briggs*, for the defendant. By the law of France, when Pothier wrote, *the commencement of proceedings in eviction* were necessary to authorize the withholding of the purchase money. 2 Pothier, Vente, 281. Paris ed. of 1827. By the Code Napoleon, the price might be also withheld, until security was given, where the purchaser had *any just reason to fear eviction*. Art. 1653. See 3 Delvincourt, 182. Sirey, 1815, part. 2, p. 182. 2 Troplong, Vente, § 609, 610. Duranton, Vente, § 351. The provi-

sions of the Code of 1808, were in conformity to the law in Pothier's time. Ch. 4, art. 15, p. 360. The Code of 1825 has extended the right of the purchaser, to all cases where he has reason to fear eviction. Art. 2535. *Denis* v. *Claque's Syndics*, 7 Mart. N. S. 93. The decision of the District Court, though not a tribunal of the last resort, afforded just reason to apprehend eviction. Before proceeding to a re-sale, plaintiff should have tendered defendant security. *Pontchartrain Rail Road Company* v. *Durel*, 6 La. 481. To put the defendant in default, plaintiff should have tendered an act of sale, such as the law required. The omission of the certificate from the Recorder of Mortgages, is fatal. Civ. Code, arts. 1907, 2415, 2586, 2588, 3328. *Stewart* v. *Paulding*, 6 La. 154.

MORPHY, J. We question much the correctness of the decision below. In a government like ours, every citizen is bound at his peril, to know the law applicable to his case ; and no one can be permitted to allege his ignorance of the law. We incline to think that article 2535 does not contemplate a case in which the purchaser's fear of being disquieted arises from his doubts on a naked point of law, but one in which his apprehension results from facts and circumstances connected with matters of law, which may render a title defective, or give to a third person some claim to or on the property he has bought. But, be this as it may, the present case must be decided on a different ground, urged by the appellee's counsel. He contends that plaintiff has not entitled himself to the damages he claims, by putting Moore legally in default, before he proceeded to a re-sale of the property. The evidence shows that the defendant was several times requested verbally and in writing, to call at the office of the notary, Cenas, and sign the deed of sale ; and that he was notified that, if he failed so to do, the property would be sold on his account and risk, and that he would be held responsible in damages. The notary testifies that, in February, 1837, at the request of Hodge, he prepared an act of sale, from him to Moore, of the property in question. That having met Moore, he told him that the act was prepared, and that Moore answered that he deferred completing the sale in consequence of the pendency of a suit brought for the purpose of testing the power of a merchant, under protest, to

make a good title to real property. That the act prepared has remained since then, with other unfinished acts, in a *cahier*, or book kept for such papers. That as he recollects of no mortgage certificate having been, at that time, applied for or obtained, the act is, in its present state, incomplete, and is such a document as he would not allow a purchaser to sign, unless he insisted upon signing it, and directly waived all its informalities, &c. From this testimony, it is clear that the act of sale which it behoved plaintiff to render to the defendant, in order to put him *in mora*, under article 1907 of the Civil Code, and our decision in *Stewart* v. *Paulding*, 6 La. 153, was not complete. It was not such a conveyance as the purchaser was bound to sign. He was entitled to have an act of sale drawn up in strict conformity with the law, which requires that every notary shall obtain a certificate of the privileges and mortgages existing on the property sold, and shall mention them in the conveyance. Art. 3328. It is true that the same witness adds, that had the parties come before him, at any particular hour, to complete the sale, a certificate could have been procured in a short time. But it might as well be contended that the printed form of a notarial sale, if signed by the vendor, should be considered as a proper title to be tendered, because it could be filled up within a time still shorter than that necessary to procure a certificate, which sometimes requires long researches to be made in the archives of the Recorder of Mortgages. Where a vendor resorts to the highly penal remedy given by article 2589 of the Code, he must be held to the strict requirements of the law. It may be said that the defendant did not specially plead any defect in the title tendered to him, but rested his refusal to carry the sale into effect on the single fact that Hodge was under protest. The putting a debtor in default is, under our law, a condition precedent to the recovery of damages, or the dissolution of a contract. The want of it need not be pleaded in defence, and can at any time be taken advantage of. Civ. Code, art. 1906. 6 Mart. N. S. 229.

*Judgment affirmed.*