### WILLIAM T. HEPP *v.* MICHEL COMMAGERE and another.

To recover the penalty stipulated to be paid, in case of non-compliance by defendant with a contract to deliver certain articles, plaintiff must prove that defendant was put in default previous to the commencement of suit. C. C. 2122. Putting the defendant *in mora*, is an indispensable pre-requisite to such an action. C. C. 1906. The want of it need not be specially pleaded; nor is the effect of the omission to put defendant in default waived by his setting up any special defence.

APPEAL from the District Court of the First District, *Buchanan*, J.

Lockett and *Micou*, for the appellant.

*Roselius*, for the defendants.

MORPHY, J.   This action is brought to recover $1500, as a penalty for the breach of a contract, whereby it is alleged that the defendants bound themselves, on the 15th of August, 1837, to sell and deliver to the plaintiff three thousand cords of wood, the delivery to commence on the 1st of September following, and to continue at the rate of at least one hundred and twenty-five cords per month, or more, if possible, until the three thousand cords should be delivered, and the plaintiff to pay for the wood five dollars per cord.   It is further alleged, that the defendants commenced and continued to send wood to New Orleans, under their contract, until about the month of July, 1838, when, after delivering less than one-third of the whole quantity contracted for, they totally neglected and refused to comply with their obligations; that, at the date of this contract and since, the plaintiff was engaged in buying and selling wood for profit; that the contract was made to keep up a regular supply to meet the demands of his customers, which fact was known to the defendants; that, in consequence of their failure to complete their contract, the plaintiff had to buy wood at higher prices than those agreed upon with the defendants, and consequently lost the profits he would have made : by all which, it is averred, that the plaintiff has sustained loss and damage far beyond $1500, the penalty stipulated in the contract to be paid in case of its violation by either party.   After pleading the general issue, the defendants admitted the existence of the contract, and averred that they had complied with the obligations it imposed upon them; they allege, that after a large quantity of wood had been delivered, the plaintiff requested that they should not send the wood as fast as they were doing, alleging that he had more wood than he had room for; that, for some time, the water in the Barrataria canal was so low as to be entirely unnavigable, in consequence of which the delivery of wood was suspended; that the Barrataria canal was the only channel by which the wood could be sent to New Orleans, to the knowledge of the plaintiff when the contract was made; that, as soon as there was a sufficiency of water in said canal to enable them to send wood to New Orleans, they availed themselves thereof, but that the plaintiff refused to receive the

wood offered to him; that when the refusal took place, on the part of the plaintiff, the contract was virtually annulled between the parties; &c. The first jury empanelled to try this cause not having agreed, it was laid before another jury, who gave their verdict in favor of the defendants. From the judgment pronounced thereupon the plaintiff appealed, after failing to obtain a new trial.

The judge below charged the jury that plaintiff could not recover, as, previous to the institution of this suit, the defendants had not been put in default. This charge was objected to as erroneous, on the ground that the pleadings show that no express denial of default was made in the answer, and that a special defence was therein set up. The judge, in our opinion, did not err. The Civil Code declares, article 2122, that the penalty is forfeited only when he who has obligated himself, either to deliver, to take, or to do a certain thing, is in delay; and it further provides, article 1905, that when, by the terms of the contract, or the operation of law, the party is not *in delay*, he can only be put in default by the act of the obligee, who must demand the performance of the contract by the commencement of a suit, a demand in writing, a protest by a notary, or a verbal requisition in the presence of two witnesses. Now, the plaintiff has not alleged nor proved that he has called upon the defendants, in either of the ways above pointed out, to comply with their contract. This putting in default being, under our law, an indispensable pre-requisite to sustain an action of this kind, it was not necessary to plead the want of it specially, nor is it waived by the defence set up in the answer. Civil Code, art. 1906. 6 Mart. N. S. p. 624. 13 La. 229.

On the merits, although the evidence appears to us to preponderate in favor of the plaintiff, the verdict of the jury, under all the circumstances of the case, is not so manifestly erroneous as to make it our duty to disturb it.

*Judgment affirmed.*