## J. H. Abels v. M. C. Glover.

When the vendor refuses to comply with his obligation of delivering the thing sold, he waives, by such refusal, a formal putting in default.

A party is not required to demand performance of him who has already expressly refused to perform his obligation—*Lex neminem cogit ad vana.*

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Collens & Woolridge*, for plaintiff and appellant. *J. Magne*, for defendant.

MERRICK, C. J.   This suit is brought to recover damages for the non-delivery of certain property in Missouri, given in exchange for city lots, and also to recover back the difference in price, $491 12, between the property received and that given in exchange. This difference in price, was equalized in the act of exchange by the transfer by the defendant to the plaintiff, of a claim to that amount, against one *George Leach*.

On the trial, the defendant excluded all testimony on the ground, that the petition contained no sufficient allegation of the putting *in mora*. Plaintiff excepted, and prosecutes this appeal from the judgment of nonsuit against him. The only question, therefore, is whether the proof ought to have been received under the petition ?

The allegation in regard to *Leach's* claim is, "that said *Glover* (the defendant) has deceived your petitioner, and that the claim which he transferred to petioner against *George Leach*, never had existence, and was not due by *Leach*, and is not now due, and that, moreover, said *Leach* is insolvent and has no means to pay ; that said *Glover* is bound unto petitioner for the amount of said claim."

After alleging that one *George Leach* is in possession of the property received in exchage under an unexpired lease, or some other contract, and that he refuses to deliver possession, notwithstanding every possible diligence to obtain it, petitioner alleges, that " he has informed said *Glover* of the facts, and *said Glover refuses to do any act by which petitioner can get possession ;* that said *Glover* well knew of the existence of said contract between him and *Leach*, and did not give petitioner any knowledge, but fraudulently concealed the same from your petitioner, to his great injury and damage."

Petitioner, after showing the expenses which his attempt to obtain possession had occasioned him, to the amount of over $400, alleges further : " That he has suffered damage by being deprived of the possession of said lands, and the fraudulent acts of said *Glover*, in keeping secret the contract between him and *Leach*, and *his neglect and refusal* to put petitioner in possession thereof."

The allegations appear to us to be sufficient to authorize the introduction of the proof offered by the plaintiff. If the pretended claim against *Leach* had no existence, the defendant was bound for the $491 12, under his obligation of warranty—for he who sells a debt or incorporeal right, warrants its existence at the time of the transfer, though no warranty be mentioned in the deed.   C. C. 2616.

The law also imposes upon the vendor the obligation of delivering the thing sold.   C. C. 2450, 2637.

If he refuse to comply with his obligation, he thereby waives a formal putting *in mora* by such refusal.   The party is not required to demand performance of

him who has already expressly refused to perform his obligation—for *lex nemi-nem cogit ad vana.*  3 Rob. 358 ; 18 La. 513.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial, with instructions to permit the plaintiff to introduce proof to sustain the allegations of his petition ; the defendant paying the costs of the appeal.

LAND, J., absent.