No. 9819.

ALLEN, BUSH & WEST vs. S. B. STEERS.

A contract made by parties, who are commission merchants and factors, for the storage of cotton assigned to them, during a certain period and at a stated price *per* bale, must be viewed as entered into for *their* own account and not for that of their customers, although it may be that they charge for such storage and other items a price per bale including a rate higher for the storage.

Such parties could not shirk responsibility in a suit against them for unpaid storage, by saying that the contract was not entered into by them for their own account, but for that of their customers. As they could be held liable, they have a right to sue for damages sustained by them, in case of breach of contract, specially the difference between the rate of storage agreed on and that paid.

A right to claim damages for breach of contract, remains unrestricted, in the absence of qualification in the contract and can be exercised so as to include all injury sustained, whether foreseen or not.

A putting in default would be a vain ceremony and unneccessary, in presence of an acknowledged inability to perform.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus, J.*

*Alfred Goldthwaite,* for Plaintiffs and Appellants:

Factors and commission merchants are entrusted with the possession and control of cotton consigned to them for sale, and have a special property in said cotton, and are treated as onwers in contracts made by them with third persons. Russell vs. Factors, 252-6, 234; Story on Agency, Sections 111, 112 and 401; Cowper's Report, 254; 11 Adol. & Ellis, 549; Smith on Mercantile Law, p. 77; Paley on Principal and Agent, p. 13.

In contracts made with third persons, there is no privity between their patrons and such third persons, unless the contracts are made for the benefit of the patrons, or their names disclosed, so as to create the relation of principal and agent. 68 N. Y. 494.

When there is an acknowledged inability on the part of defendant to perform his contract, a putting *in mora* is not necessary. 14 Ann. 81; 34 Ann. 211; 37 Ann. 470; 7 Martin, O. S., 218; 8 La. 522; 9 Rob. 377; 2 Ann. 957.

*Kennard, Howe & Prentiss* for Defendant and Appellee:

Plaintiffs sue for their own interest, and in order to recover must show damage to themselves. As factors or commission merchants, they are mandataries and not owners, and on the face of the pleadings and testimony have no interest to recover in this case. The "special property," they assert in this case, is only a possessory right, which may be defended for certain purposes and in certain ways, but does not support their claim herein. 16 Ann. 241; 11 Ann. 218; 37 Ann. 803; 35 Ann. 1115.

The facts of the case discussed, which show that no contract was entered into.

Where the violation of a contract has been passive, a putting in default is a necessary prerequisite to a suit for damages. C. C. 1931; 37 Ann. 661.

Only such damages can be recovered as were in the contemplation of the parties at the time the contract was entered into, or may reasonably be supposed to have been contemplated by them. Pothier on Obligations, p. 161, (English translations); C. C. 1934, No. 1; Field on Damages, Section 252.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit in damages for breach of contract to store cotton, during a certain period, at a stated rate per bale.

The injury sustained is fixed at 8 cen⁺ per bale—the difference between the rate agreed upon (42) and that actually paid (50) on 31,401 bales.

The defense is a general denial; but specially, that the plaintiffs have no interest at stake; that there was no contract entered into; that, in any event, defendant was not in default; that, even then, the damages claimed were not in the contemplation of the parties at the date of contract.

From a judgment rejecting their demand, the plaintiffs have appealed.

I.

On the face of the petition, the plaintiffs have shown an interest at stake, therefore a standing in court. They aver that they have made the contract with defendant, who has failed to comply with it and who in consequence has caused damages claimed, for which he is liable.

It is true, that they aver that they are commission merchants and factors; but that circumstance was not an essential element for their recovery and it cannot be used as a weapon to defeat their claim. The plaintiffs might have omitted setting forth that fact and still have a right of action, for they do not allege that they made the contract for account of others. They state the nature of their business, possibly in order to establish more particularly the importance of their relation with the defendant.

They say that *they contracted*; that means *for their own account*, with the defendant and that he failed to perform. They would not have contracted otherwise, for it is certain that defendant would not have entered with them, into a contract, for account of those whose business they did and whom he did not know. He contracted with the plaintiffs and had he stored, and had the storage not been paid, it is not credible, that he would have looked to any one else, for payment, but the plaintiffs. These could not have shirked responsibility by saying that they had contracted for *others*, so *they* may claim from him.

The case is not germane to that of Corral, 37 Ann. 803, in which this Court held, that a ship agent cannot recover damages, charged to have been caused to vessels consigned to him, on account of overcharges on towage, when the amounts overcharged were paid by the owners, or charterers of the vessels, themselves.

Neither the petition, nor the evidence in this case, shows that the damages claimed here, or the eighty cents per bale, were paid by the consignors of the cotton to the plaintiffs. The proof, on the contrary,

is that the difference which is claimed as damages sustained, was paid by the plaintiffs out of their own money.

It must have been and actually was, a matter of perfect indifference to the defendant, what charges the plaintiffs would make to their customers, for the disposal of their cotton. The plaintiffs could charge more or less than 67 cents per bale, and in neither event would the defendant make or lose. The plaintiffs were the only ones concerned in the profit or loss.

The recourse of the defendant for the 42 cents per bale, could have been *alone* against the plaintiffs and in no way against their customers whom they did not know and who never were disclosed.

## II.

An attentive reading of the scattering testimony offered on the trial as well as of the documentary evidence, the despatch and the correspondence, and the order of delivery, leaves a forcible impression on the mind, amounting to conviction, that the alleged contract was actually entered into, between the plaintiffs and the defendant, namely, that some time prior to September 1, 1884, the plaintiffs and defendant had agreed that the latter would store all the cotton which the plaintiffs would receive, from that date to 1st of September following, 1885, at 42 cents per bale; that the defendant proved unable to store the cotton, when received, and that the plaintiffs had to make arrangements with another party for the storage, but at a higher rate, 50 cents per bale, which was paid on 31,401 bales which were stored by said party.

The only testimony offered to negative that adduced by the plaintiffs, is that of the defendant, who, withal, admits the agreement, but with the qualification, that he would agree to store, *provided* he would be able to make arrangements to store, as he had not then enough space to undertake an absolute obligation to store *all* of plaintiffs' cotton.

It does not enter in the order of probabilities that the plaintiffs would have accepted any such terms, as it is manifest that they would thereby have exposed themselves to much contrariety, loss and injury.

It is perhaps true that the defendant was not at the time, in a condition to receive a large quantity of cotton ; but he induced the plaintiffs to believe, and they acted on his representations, that he would arrange with others to store their cotton temporarily, until he, the defendant had become ready, that is, procured the place and put up his compressing *apparatus*. If he failed to make those arrangements, or

if having made them, they were not kept and if the plaintiffs have sustained injury in paying a higher rate, it is more than clear and nothing but right that he be bound to repair the damage which he had thus occasioned.

### III.

It was unnecessary to put the defendant in default. His refusal or acknowledged inability to receive the cotton, dispensed with any such putting in default, if any was necessary.

### IV.

There is nothing to show that the parties at the time the agreement was entered into, considered the possibility of a breach of the contract, or restricted the right to recover damages in case of such breach.

Non-performance by the defendant of his undertaking, justifies the claim in damages which is brought and proved against him.

It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered and adjudged that the plaintiffs, Allen, West & Bush, recover of the defendant, S. B. Steers, the sum of twenty-five hundred and twelve dollars and eight cents, $2,512.08, with legal interest from judicial demand till paid, and costs in both courts.