Ware vs. Berlin.

No. 10,842.

JAMES WARE VS. JOSEPH A. BERLIN.

1. Want of tender must be pleaded *in limine*, or specially pleaded. Where the party refuses to accept the notes representing the credit price, a formal tender thereafter is unnecessary.

2. Where it appears that the defendant is indebted for rent and revenues to an amount greater than the purchase price and interest paid for the property, no tender of the price on the part of the plaintiff is required before the institution of the suit.

APPEAL from the Twelfth District Court Parish of Avoyelles. Coco, J.

*Thorpe & Peterman* for Plaintiff and Appellant:

1. The right to have a sale dissolved for nonpayment of the purchase price is one given to the seller by the textual provisions of the Code, Articles 2045, 2046, 2561.

2. Where the purchaser of immovable property who has not been evicted therefrom makes no offer to return the same, he can not both keep the land and refuse to pay the price. 26 An. 709

3. When the price of property is payable in instalments the vendor may sue for the rescission of the sale at once upon the failure of the vendee to pay the first instalment. 14 An. 340; 28 An. 739.

4. Where it appears that the defendant is indebted for rents and revenues beyond improvements to an amount greater than the price paid for the property and interest, equity requires no tender of the price on the part of the plaintiff prior to the institution of the suit. 14 An. 597.

5. When the portion of the purchase price paid is allowed as an offset to rents and revenues it will be sufficient. 28 An. 738; 28 An. 582.

6. In a suit to resolve the sale of immovable property for nonpayment of the price, plaintiff has the right to ask for a judgment for rents and revenues less the amount paid by defendant on the purchase price and expended in improvements. 41 An. 60.

7. When it is shown that plaintiff's counsel offered to defendant to return the notes representing the credit portion of the price and that this offer was rejected, plaintiff is dispensed from the formality of making an actual manual tender in the form prescribed by law. 4 An. 344; 3 R. 357; 27 An. 111; 26 An. 453.

8. Filing the notes with the petition or an averment that the notes are in the possession of plaintiff and will be produced, followed by proof that the notes were actually tendered defendant before trial, is sufficient. 24 An. 537.

9. Want of tender must either be set up *in limine* or specially pleaded. When neither is done, defendant can not, after a trial on the merits, dismiss plaintiff's suit by urging want of tender, especially when it appears from his own pleadings that he prayed a judgment in reconvention for the same sum which in argument he urges should have been tendered him before suit brought. 3 R. 357; 33 An. 744.

Ware vs. Berlin.

10. No tender of the purchase price is necessary when it appears that the defendant expressly stipulated in the act of sale that upon his failure to pay the purchase price, or any part thereof, said sale should be null and void, and the property should instantly revert to the vendor, without the performance on the latter's part of any act whatever.

11. "Stipulations made by parties in their contracts are the law to them except when such stipulations are in contravention of public law or good morals." 29 An. 156.

12. Vendee can not refuse payment of the price because paper title to the land is in other persons who have not disturbed him. Even if he is in danger of eviction from part of the property the recorded title to which is in others, this fact gives him no right to retain the purchase price of another part of the property to which he has a clear and unencumbered title. 3 N. S. 111; 6 N. S. 523; 13 An. 432.

*E. North Cullam* and *J. H. Ducoté* for Defendant and Appellee:

1. The present suit is petitory. The prayer of petition determines the character of the action. 20 An. 170; 1 Rob. 109.

2. In a petitory action plaintiff must recover on the strength of his title. C. P., Art. 44; 23 An. 274; 15 An. 454, 628. Plaintiff introduced no evidence of title, and appellee showed an outstanding title in Frith, Pearce and Ewell. R. 31.

3. To rescind a sale on account of failure by purchaser to pay the instalments as they fell due, it is essential that tender of amount paid by purchaser be made before suit is instituted. Latham vs. Hickey, 21 An. 425; George vs. Knox et al. 23 An. 354.

4. Plaintiff in a petitory action such as the one at bar can not recover rents or revenues; they belong to his vendee. 23 An. 354.

The opinion of the court was delivered by

McENERY, J. The plaintiff sold to the defendant two pieces of property situated in the Parish of Avoyelles; the first comprised thirty acres of improved land with a dwelling house, warehouse and out-buildings thereon, located on the bank of Red River; the other a rail or tramway, running from the river to Marksville, together with the cars, mules and other equipments to operate the road. The price was $5400 represented by 180 notes of $30 each maturing monthly and secured by mortgage on the property with 8 per cent. interest from date.

The defendant went immediately into possession of the property. The plaintiff was in possession of the property when he delivered it to the defendant.

Berlin, the defendant paid the notes as they matured until October 20, 1887, and he also paid $10 on the note maturing November 20, 1888. He refused to pay anything further on the note, as there

was a recorded outstanding title to the property in other parties. The defect in the title, which induced the defendant to refuse to pay any further sums on the price, was a recorded titled to the property in the name of Ewell, Pearce & Frith, the vendor reserving to redeem on or before the 1st of March, 1876.

A few days after this sale to the above named parties the sale was rescinded as to the railroad, upon which a mortgage for $1000 was retained. This mortgage has prescribed. The parties, in whose name the title to the property was recorded when it was sold to the defendant live in the same parish, and have never asserted any claim to said property, or in any way disturb defendant's possession.

Prior to the institution of this suit, which is to rescind the sale made to the defendant, the parties, plaintiff and defendant, spent much time in a fruitless effort to compromise their differences. Both agreed as to the rescission of the sale, but differed as to the terms. The plaintiff demanded the property should be restored to him on his return of the notes with the rent and revenues, and the cash paid on the price should be credited on the amount due for them.

The defendant was willing to restore the property, but as a condition precedent, demanded the return of the cash he had paid on his notes, and for improvements which he estimated at $900.

Failing in an amicable settlement the plaintiff brought this suit under the provisions of Articles 2045, 2046, 2561, of the Civil Code, to have the sale dissolved. In his petition he demands to be placed in possession of the property on the annulment of the act of sale, and substantially avers and demands the relief he sought by an amicable ajustment.

The defendant avers that he can not be dispossessed of the property; that he has a right to retain the property until the plaintiff complies with the stipulations in the act of sale under the warranty clause in the same. He pleads in reconvention for the sum of $490, amount paid by him to the plaintiff on the purchase price with legal interest from judicial demand, and for the sum of $900 for valuable improvements put by him on the property.

In his brief the defendant urges that, as a prerequisite to the bringing of the suit, the plaintiff should have put him in default by offering to return to him the amount paid to the plaintiff, and the notes representing the balance of the purchase price of the property.

There was no exception filed, alleging a failure to make the tender,

nor was there any special plea, either separately or in the answer that urged this objection. It is too late to wait until after the trial to make this plea. It should have been pleaded specially or set up *in limine.*

It can not be urged in the Appellate Court for the first time. Peremptory exceptions founded in law must be pleaded specially. Hivert vs. Lacaze, 3 R. 357; Heirs of Wood vs. Nicholls, 33 An. 745.

In the instant case the rents largely exceeded the cash paid by the defendant.

The defendant before the suit told the plaintiff he would not accept the notes. It was therefore an idle ceremony to offer them to him. They were tendered in open court after the institution of the suit. School Directors vs. Anderson, 28 An. 739; • Hyman vs. Delmas and Haley, 28 An. 582; Hivert vs. Lacaze, 3 R. 357; Nott vs. Marchessau, 4 An. 344.

The defendant does not ask that the plaintiff be compelled to give security against an eviction. This relief could be afforded under the prayer for " general relief," but this is not asked. 3 R. 357.

The prayer of the defendant is, that he " do have and recover judgment in reconvention in his favor and against said James Ware in the sum of $490, amount paid by respondent on the purchase price of the property sued for with legal interest thereon from judicial demand. Prays further for judgment against said James Ware, and in his favor for the sum of $900, amount expended by him in valuable improvements on said property."

Both parties in fact demand the dissolution of the sale.

A *restitutio in integrum* must be made. The vendor must return the portion of the price paid, with interest from the date of payment, the credit price represented by the notes and pay for improvements of a permanent nature, and the vendee must return the property with its revenues. C. C. 2045; School Directors vs. Anderson, 28 An. 739; McKenzie et als. vs. Bacon et als., 41 An. 6.

The testimony offered to prove the reconventional demand of defendant shows that the labor on the road was generally for ordinary repairs, and not for improvements.

The road was received by the defendant in good condition. He permitted it to run down. The repairs on the bridges, rendered necessary by the overflow, may be regarded as permanent improvements.

DeGruy vs. Aikens & Co.

These were practically reconstructed by hands already in the employment of defendant. A hand was employed doing this work. His time was divided between handling freight and working on the road, in equal parts. He worked by the month at $16 per month. The value of the work done on the bridges was worth $16, exclusive of lumber, for which there is no estimate.

The property rented for $30 per month. This should be the estimate of the value of the property to the defendant during his occupancy.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that there be judgment in favor of the plaintiff, decreeing that the act of sale entered into between plaintiff and defendant on the 18th day of July, 1887, by authentic act before Adolphe J. Lafargue, clerk of court of Avoyelles Parish, be annulled and set aside, and the sale dissolved. And it is further ordered that the property therein described be restored to the plaintiff, and he be placed in possession thereof.

It is further ordered and decreed that said plaintiff do have and recover judgment against said defendant for the use and occupancy of said property, at the rate of $30 per month from the date of said act of sale, less the sum of $30 per month paid by defendant on the purchase price from July 20, 1887, to October 20, 1888, and $10 paid November 20, 1888, with 8 per cent. interest on each payment, and a further credit of $16 for improvements. And it is further ordered that there be judgment in favor of defendant on his reconventional demand on the part of the purchase price paid to plaintiff, and for improvements in the amounts ordered to be credited above on the judgment in favor of the plaintiff. Costs to be paid equally by plaintiff and defendant.