(125 So. 623)

No. 29594.

## LASSUS v. GOURGOTT.

Dec. 2, 1929.   Rehearing Denied Jan. 6, 1930.

Oliver S. Livaudais, of New Orleans, for appellant.

Emile Pomes, of New Orleans, for appellee.

THOMPSON, J.   The parties to this suit agreed in writing, the plaintiff to sell, and the defendant to buy, a certain square of

ground situated in this city and fully described in the petition. The agreed price was $17,500, whereof 10 per cent. was deposited with the agents by whom the agreement was procured.

When the time came to make title, the defendant refused to carry out his contract and notified plaintiff of such refusal. The excuse for not taking title was that plaintiff had not tendered a merchantable title as stipulated in the contract.

Thereupon this suit was filed and is to recover from the defendant the purchase price with recognition of a vendor's privilege on the land.

An exception of no cause of action was filed which was overruled. The defendant then answered admitting the agreement as alleged, but denied that the plaintiff had a good and valid title to the square of ground which was the subject of the agreement.

The exception of no cause of action is urged on this appeal upon the theory that the suit is not one for specific performance or one for damages as provided in such cases, but is a suit for a money judgment pure and simple.

The lower court treated the action as one for specific performance, and we concur in that conclusion.

It is true the petition does not use the terms commonly employed in an action for specific performance and does not expressly call upon the court to order the defendant to accept title and pay the agreed price, but when considered as a whole and in connection with the prayer the petition in all essential respects presents a case in which specific performance is the appropriate and responsive decree to be rendered. The petition sets out the written agreement between the parties, the demand on the defendant to take title, and his refusal to do so.

And the prayer is for judgment for the purchase price with interest as stipulated in the agreement and with recognition of the vendor's privilege on the land the subject of the agreement.

From all of which it logically follows that defendant was called upon to accept title and to pay the price, and this is all that could be required of a petition in a suit for specific performance.

The defense that the plaintiff has no title to the land, or that his title is so defective as to suggest the probability of future litigation, can hardly be regarded as serious in the light of the record as presented.

The square which is claimed by the plaintiff, and which he agreed to sell defendant, was adjudicated to the state in the early eighties for the nonpayment of the taxes assessed against the then owner. It was described by metes and bounds as follows: Bounded by Paris avenue, Hamburg, Manuel, and Foy streets. By the same description the square was conveyed by the proper officers of the state to John Watt on August 6, 1902, and from Watt by regular chain of title under the same description the square passed to the present plaintiff. The square had a frontage on Paris avenue of 320 feet and extended a like distance to Hamburg street in the rear.

The side boundaries were Foy and Manuel streets. There is a square of ground facing the square of plaintiff just referred to on the opposite side of Paris avenue which has a frontage of 320 feet on Paris avenue and extends back a like distance to Ruxcelles street. That square is presently owned by Peter Arrieux.

This square was also adjudicated to the state for taxes in the early eighties, was sold by the state to Valsin Jones in 1899, and from him by a regular chain of title the square passed to the present owner, Arrieux. Both of these squares after the state had parted

with its title under the tax adjudications were acquired by purchase by Pierre Batbie.

Hence he was the common author in title of plaintiff and of Peter Arrieux, and no one claiming either square under and through him could be heard to question his title. As a matter of fact, however, there is no conflict so far as the record shows between the present owners of the respective squares.

It appears that in the adjudications to the state, and in each succeeding transfer down to the present owners, an error was committed in giving the number of the square described.

For instance, the number ascribed to the plaintiff's square was 2,670, whereas the proper number was 2,671 on the map. The same is true of the square on the opposite side of Paris avenue. Its number was given as 2,671, whereas the proper number was 2,670.

It is this error, and the sole error, which forms the basis of the defense of this suit and of defendant's refusal to accept the title from the plaintiff. The error which is patent upon the face of the record can in no way affect the title of the present owner of either square, nor does such error leave any doubt as to the identity of plaintiff's square and that of Arrieux.

The principle is too well settled to require citation of authority that in all matters of description of real estate the designation by number of the lot or square, or an error committed in the number as appearing upon a map or plan, must yield to monuments, natural or artificial, used to define the lines or describe the limits.

In this case the limits and lines on all four sides of plaintiff's square are well defined by the designated streets. The title by which plaintiff acquired, as well as those of his ancestors in title, is a title per aversionem. Of this there can be no doubt. The plaintiff

therefore has a perfectly valid title to the square 2,671 as bounded and described in his deed of purchase.

But even more than this, the evidence clearly shows that the plaintiff and his authors in title have had the actual and peaceable possession of the said square under fence and under titles valid on their face for more than ten years. Thus is added, to their already valid and legal title, a title by prescription.

The judgment appealed from is correct, and is therefore affirmed, at appellant's cost.