335 So.2d 512 (1976)
BURK DEVELOPMENT COMPANY, INC.
v.
Shelby GUILLORY, Jr.
No. 10832.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
E. Clark Gaudin, Baton Rouge, for appellant.
Robert A. Hawthorne, Jr., Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit by Burk Development Company, Inc. (hereinafter sometimes referred to as Burk) against Shelby Guillory, Jr., for specific performance under an agreement to purchase real estate. From a judgment in favor of plaintiff awarding damages, defendant, Guillory, has appealed, and the plaintiff has answered the appeal seeking an increase in damages, including attorney fees.
The record points out that on September 10, 1974, Guillory signed an agreement to *513 purchase certain real estate situated in East Baton Rouge Parish from Burk for $33,355.00. The agreement provided that the act of sale was to be passed within 60 days from the date of the agreement at the expense of and before purchaser's notary. A $100.00 deposit was made by the defendant, and it was provided that this was not earnest money and specific performance could be demanded.
Prior to the expiration of the 60 days, Guillory informed Burk that he was having financial problems and wanted out of the agreement. He contends he received no response. Burk contends that the most he would agree to was a 90-day extension to the agreement. On January 16, 1975, counsel for Burk wrote Guillory reminding him of the 90-day extension and that he should be in position to perform by February 7, 1975, the last day of the extension. Again on February 14, 1975, counsel for Burk wrote Guillory informing him that he was in default, made demand for specific performance and set February 19, 1975, at 11:00 a.m. in his office as the time for executing the act of sale. This last letter was sent certified, return receipt requested mail, which Guillory refused to accept. No communication was received from Guillory and suit was filed on March 21, 1975.
After trial, it was stipulated by both counsels that if the court were to order Guillory to take title to the property, he could not do so, and thus an award of damages would be an appropriate remedy. The Trial Court awarded plaintiff the sum of $2,914.23, less a credit of $100.00 for the deposit previously paid.
Though the defendant-appellant has assigned no specifications of error on the part of the Trial Judge, he argues that any extension to the buy and sell agreement should have been in writing, and thus the plaintiff acted too late in attempting to place the defendant in default.
Creation and modification of real estate contracts have been considered by the Louisiana Supreme Court as well as the First Circuit. It has been repeatedly held that a contract to purchase and sell real estate is not valid unless given in writing and that an extension of time stipulated for passage of title to property in a written contract to purchase and sell real estate must also be in writing. Harrell v. Stumberg, 220 La. 811, 57 So.2d 692 (La. 1952); Wells v. Spears, 255 So.2d 215 (La.App. 1st Cir. 1971) and Parker Mead, Inc. v. Cutrer, 239 So.2d 729 (La.App. 1st Cir. 1970).
While we agree with the defendant-appellant that any extension in the time limit of the purchase agreement must be in writing, we do not agree that it was necessary for plaintiff to put defendant in default during the 60-day period of the contract. The defendant informed plaintiff during the 60-day period that because of his financial condition he would not be able to perform. Plaintiff informed defendant he would not release the defendant from his obligation though he would give more time, which offer the defendant says he never received. Thereafter, any demand by plaintiff on defendant would be for purposes of formality alone and would serve no useful purpose. The law does not require vain and useless acts from a party. This is in accordance with Allen et al. v. Steers, 39 La.Ann. 586, 2 So. 199 (1887) which was a suit in damages for breach of contract to store cotton, during a certain period, at a stated rate per bale. When the time came for storage, defendant told plaintiff that he was unable to do so because he lacked space. The Supreme Court said:
"It was unnecessary to put the defendant in default. His refusal or acknowledged inability to receive the cotton dispensed with any such putting in default, if any was necessary." *514 Further, the contract of agreement to purchase does not provide that time was of the essence; there is no evidence outside of the contract that time was of the essence, particularly in light of the proposed 90-day extension; and it is not argued that time was of the essence, thus neither party was in default at the end of the contracted period, and either party could put the other in default. Luna v. Atchafalaya Realty, Inc., 325 So.2d 835 (La.App. 1st Cir. 1976).
We now come to plaintiff's answer to this appeal seeking an increase in damages. The Trial Court awarded total damages of $2,914.23 consisting of interest on the sale price of $33,355.00 at the rate of seven (7%) per cent per annum for the period beginning November 10, 1974, the date on which the period expired within which title was to have been conveyed, and ending January 27, 1976, the date of trial. This amounted to $2,834.23. The Trial Court also awarded $80.00 based on testimony that the lot had to be mowed four times during this period of time at a cost of $20.00 each time.
At the time of sale, the defendant was to pay $6,355.00 in cash, and the balance of $27,000.00 was to be financed at nine (9%) per cent per annum interest over a 10-year period. Plaintiff testified that he used the purchase agreement as collateral to borrow $30,000.00 on which he had been paying interest varying from ten (10%) per cent to eleven and one-half (11 ½%) per cent per annum through the time of trial. Finally, we note that the purchase agreement contains the following clause:
"Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated to pay all fees and costs incurred in enforcing collection and damages."
The plaintiff maintains that by this clause his attorney fees which were made necessary by the defendant's default are a proper item of damages.
The Trial Judge, in his reasons for judgment, has stated that he believes plaintiff entitled to legal interest from November 10, 1974, through January 27, 1976, because plaintiff could have earned this sum on the sale price. Since we have concluded that neither party was in default as of November 10, 1974, we do not agree that interest runs from this date. We conclude that the defendant-appellant passively breached this contract by not showing up to purchase the property on February 19, 1975, after specific performance was demanded, and thus this is the date of default, and the date from which interest should run. Further, we believe that a more exact award can be calculated from the evidence before the Court. By the terms of the purchase agreement, the defendant was to pay the sum of $6,355.00 in cash at the time of sale. If plaintiff had this money, he could have used it to pay against his own loan on which he was paying interest at the rate of at least ten (10%) per cent per annum. We believe that plaintiff is entitled to ten (10%) per cent per annum interest on $6,355.00 from February 19, 1975, through the date this judgment becomes final. Since the purchase agreement requires that the buyer pay the balance of $27,000.00 in installments at nine (9%) per cent per annum interest, we believe that plaintiff is entitled to nine (9%) per cent per annum interest on $27,000.00 for the above stated period of time. Based on the testimony, the record as a whole, and the fact that an appeal was involved, we find that the plaintiff is entitled to damages of $1,500.00 to apply against necessary legal fees and costs resulting from defendant's default.
In summary, we award damages at the rate of ten (10%) per cent per annum interest on $6,355.00 from February 19, 1975, through the date this judgment becomes final; we award damages at the rate of nine (9%) per cent per annum interest on $27,000.00 from February 19, 1975, through the date this judgment becomes final; we award damages of $80.00 for upkeep of the *515 lot; we award damages to apply against legal fees and costs in the amount of $1,500.00; and the entire judgment is subject to a credit of $100.00 which defendant deposited with plaintiff.
For the above and foregoing reasons, the judgment of the Trial Court is amended, and as amended, it is affirmed. All costs to be paid by defendant-appellant.
AMENDED AND AFFIRMED.